THE HUTCHINSON SANITARY PLUMBING & HEATING
   COMPANY, *Appellee,* v. LOCAL UNION NO. 363 JOUR-
   NEYMEN PLUMBERS et al., *Appellants.*

No. 17,746.

SYLLABUS BY THE COURT.

INJUNCTION—*Controversy Ended—Appeal Dismissed.* Plaintiff
   sued to enjoin defendants from entering premises where
   plaintiff's employees were at work completing certain con-
   tracts for plumbing and steam fitting, and by threats and
   force inducing them to quit work. On a motion to vacate the
   temporary injunction the court vacated the order as to all
   except two of the defendants. All the defendants appealed.
   Before the controversy reached this court, the plaintiff com-
   pleted the contracts referred to in the petition. *Held,* that the
   question of the right of members of a labor union to use
   lawful means to induce nonmembers to quit work for em-
   ployers with whom the union may be at variance is not in-
   volved in the case, and that in view of the completion of plain-
   tiff's contracts and the ending of any controversy between
   the parties there is nothing left for the court to decide, and
   the appeal is therefore dismissed.

Appeal from Reno district court. Opinion filed July
6, 1912. Dismissed.

*George A. Neeley,* of Hutchinson, for the appellants.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchin-
son, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from an order modify-
ing a temporary injunction. Plaintiff brought suit to
restrain Local Union No. 363 Journeymen Plumbers,
and eleven individual members of the union, from
entering upon certain premises in the city of Hutchin-
son where plaintiff had contracts for doing plumbing
and steam fitting, and from interfering with its em-
ployees and using threats or force to induce them to
quit work. The district judge being absent from the

county when the suit was filed, a temporary injunction was granted by the probate judge. Upon a hearing of a motion to vacate the injunction the district court made an order vacating the injunction as to all the appellants except Albert Morrow and Willard Morrow. From this order all the defendants appeal. The hearing to vacate the temporary injunction was upon affidavits and oral testimony.

The appellants have presented a number of propositions, which, it is contended, show such error as to require a reversal. These propositions are: First, that it was error to enjoin them from entering upon premises in which plaintiff had no right or title; second, that it was error to enjoin a naked trespass; third, that it was error to enjoin from interfering with appellee's agents, employees, or tools; fourth, that it was error to suspend the injunction as to certain of the defendants. As to the first two contentions, the injunction did not enjoin a naked trespass, nor did it enjoin the mere entering of premises owned by persons other than plaintiff. The whole order must be read together, and thus read it enjoined defendants from entering upon certain premises and by means of threats and force inducing plaintiff's employees to quit work.

As to the fourth contention, we are unable to discover how any of the defendants except the two Morrows can complain of the order. All the defendants moved to vacate the injunction. The court granted the motion except as to the only defendants against whom there was evidence to sustain the averments of the petition. Each of the defendants filed an affidavit denying that he had committed any of the acts charged in the petition. The Morrow brothers, in their affidavits, admitted entering certain of the premises, and that one of the brothers assaulted an employee of the plaintiff after a discussion of his right to continue work. It is true, both of the brothers denied that the assault was made for the purpose of intimidating the

Plumbing Co. v. Journeymen Plumbers.

employee, and alleged that it resulted from a private quarrel and that the assault would not have been committed except for the reason that the employee had disputed the word of Willard Morrow, who thereupon struck him.   There was a conflict in the testimony as to the circumstances connected with the assault.   The injured employee was a witness and contradicted the affidavits of the Morrow brothers.   The court heard the oral testimony and obviously discredited the affidavits. As to the third contention, numerous authorities have been cited in respect of the right of members of labor unions to picket premises where workmen are employed who are not members of the union and to persuade and induce nonmembers to quit work for employers with whom the union is at variance; and the case has been argued as though these questions were in some manner involved in the order continuing in force the temporary injunction as to the two defendants.   We fail to see how any of these questions can be brought into the case.   The order purported only to restrain the defendants from using unlawful means (that is, using threats and force) to induce plaintiff's employees to quit work.   The right of union labor men to use peaceful methods to bring about such results was never involved in the suit.   For another reason, however, it becomes wholly unnecessary to consider the contentions raised by the appeal.   It appears that all of plaintiff's contracts for plumbing and steam fitting which are referred to in the petition were completed before the appeal was taken.   The relief sought was in its nature merely temporary.   The occasion for restraining the Morrow brothers from the unlawful acts complained of ceased before the controversy reached this court. Every question raised by the appeal is necessarily moot.   The court would perform a useless function, therefore, to enter upon a discussion of the propositions argued or to attempt to decide questions of such serious

43—87 KAN.

importance in a case where no decision it might render could affect the rights of the parties and no order it might make could be enforced. (*City of Kansas City v. The State, ex rel.,* 66 Kan. 779, 71 Pac. 1127; *Knight v. Hirbour,* 64 Kan. 563, 67 Pac. 1104; *Crouse v. Nixon,* 65 Kan. 843, 70 Pac. 885; *City of Ottawa v. Barnes,* post.)

The appeal is dismissed.