CANADIAN TRADING CO. v. RALLS *et al.*

No. 3728. Opinion Filed August 25, 1914.

(142 Pac. 1033.)

APPEAL AND ERROR—Moot Question—Injunction. In an action by a tenant to enjoin and restrain a landlord from the violation of an oral rental contract on certain lands for the year 1912, and from interference with the tenant's possession during said year, judgment is rendered on the pleadings for the defendants, and the cause is submitted to this court in the year 1914; the only matters presented for determination are abstract and hypothetical questions, disconnected from the granting of actual relief, and therefore will not be decided by this court.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Pittsburg County;*
*W. E. Liedtke, Judge.*

Action by the Canadian Trading Company against J. G. Ralls and another. Judgment for defendants, and plaintiff brings error. Dismissed.

*Andrews & Day,* for plaintiff in error.

*J. G. Ralls,* for defendants in error.

Opinion by RITTENHOUSE, C. On December 15, 1911, plaintiff filed its verified petition, asking that the defendants be enjoined and restrained from violating an oral rental contract on certain lands for the year 1912, entered into between the plaintiff and defendant J. G. Ralls, and from in any way interfering with plaintiff's possession thereof during the term of said lease. The defendants filed a motion for judgment on the pleadings, which was sustained by the court. It is evident that, if this cause were sent back to the superior court of Pittsburg county for a new trial, there would be nothing to litigate as the rental season of 1912 is long since passed, and if the defendant J. G. Ralls threatened to violate his contract for the year 1912, or in any way interfered with the plaintiff's possession, those acts have now been committed, and plaintiff's remedy would be for damages.

The only matters, therefore, to be determined are abstract and hypothetical questions, disconnected from the granting of actual relief; and under authority of *Bryan v. Sullivan,* 20 Okla. 686, 119 Pac. 124, and *McCullough v. Gilcrease,* 40 Okla. 741, 141 Pac. 5, the appeal should be dismissed.

By the Court: It is so ordered.