# BLOCKER v. HOWELL.

No. 6314. Opinion Filed February 16, 1915.

(146 Pac. 701.)

**APPEAL AND ERROR—Hypothetical Questions—Dismissal.** In an action to enjoin defendant from trespassing on certain real estate belonging to plaintiff during the year 1914, defendant claimed the right of possession under a lease which expired on December 31, 1914. Judgment was rendered for defendant, and the case was submitted here after said lease had expired. **Held, the only** matters presented for determination being abstract and hypotheti_ cal questions disconnected from the granting of any actual relief, the appeal is dismissed.

(Syllabus by the Court.)

*Error from District Court, Washita County;*

*G. A. Brown, Judge.*

Injunction by J. B. Blocker against G. T. Howell. Judgment for defendant, and plaintiff brings error. Dismissed.

*Brett & Billups,* for plaintiff in error.

*Massingale & Duff,* for defendant in error.

TURNER, J. This suit was commenced in the district court of Washita county, by J. B. Blocker, plaintiff in error, to enjoin G. T. Howell, defendant in error, from trespassing upon certain real estate during the year 1914. Defendant claimed the right to possession of the property by virtue of a lease which expired December 31, 1914. Defendant prevailed in the trial court, and plaintiff appealed.

The lease has now expired, and defendant has moved this court to dismiss the proceedings, for the reason that the appeal in this cause now involves only a moot question of law, and that no

good purpose can now be served by hearing or proceeding further. That "abstract and hypothetical questions, disconnected from the granting of actual relief, or from the determination of which no particular result can follow, other than the awarding of costs of the appeal, will not be decided by this court," has been held many times by this court. *McCullough et al. v. Gilcrease,* 40 Okla. 741, 141 Pac. 5; *State ex rel. Lozier v. Bogle et al.,* 40 Okla. 740, 140 Pac. 1153. This case is ruled by *Canadian Trading Co. v. Ralls et al.,* 42 Okla. 759, 142 Pac. 1033, where in the syllabus it is said:

"In an action by a tenant to enjoin and restrain a landlord from the violation of an oral rental contract on certain lands for the year 1912, and from interference with the tenant's possession during said year, judgment is rendered on the pleadings for the defendants, and the case is submitted to this court in the year 1914. The only matters presented for determination are abstract and hypothetical questions, disconnected from the granting of actual relief, and therefore will not be decided by this court."

The appeal is dismissed.

All the Justices concur.