No. 21,199.

PETER GEINGER, *Appellee*, v. GEORGE KREIN, *Appellant*.

SYLLABUS BY THE COURT.

FORCIBLE DETENTION—*Termination of Controversy—Dismissal of Appeal.* The court will not consider the merits of an appeal from a judgment of forcible detention, rendered against a tenant claiming under a lease, after the lease has expired; and the fact that in the course of the litigation the tenant has given bond not to commit waste and to pay double value of the use, and damages, does not give him a continuing right to a decision on the merits.

Appeal from Cheyenne district court; WILLIAM S. LANGMADE, judge. Opinion filed June 8, 1918. Dismissed.

. *E. E. Kite*, of St. Francis, and *H. O. Caster*, of Topeka, for the appellant.

*J. L. Finley*, of St. Francis, and *T. F. Garver*, of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a landlord to recover real estate forcibly detained by a tenant. The plaintiff recovered, and the defendant appeals.

The action was instituted before a justice of the peace. The

defendant did not appear, and judgment was entered against him. He appealed to the district court, and gave the usual bond not to commit waste and to pay double the value of the use and occupation of the premises, and costs and damages. The district court instructed the jury to return a verdict for the plaintiff. On appeal to this court the defendant gave a supersedeas bond not to commit waste and to pay the value of the use and occupation of the premises. The judgment of the district court was rendered on December 6, 1916. The appeal was taken on December 23, 1916. The defendant claimed the right to hold possession until March 1, 1917, and on that date vacated the premises.

The only question presented to the district court for determination was whether or not the defendant was entitled to hold possession of the land until March 1, 1917. This court has before it no other subject capable of adjudication. On March 1, 1917, that subject became one of purely academic interest. There is no longer any actual controversy between the parties respecting possession of the land. This court could accomplish no practical result by proceeding to a formal judgment. In such cases the practice is to dismiss the appeal. (*Jenal v. Felber,* 77 Kan. 771, 95 Pac. 403; *Plumbing Co. v. Journeymen Plumbers,* 87 Kan. 671, 125 Pac. 14; *Anderson v. Cloud County,* 90 Kan. 15, 132 Pac. 996; and cases cited in those opinions; *Hurd v. Beck,* 88 Kan. 11, 45 Pac. 92.)

In the case of *Canadian Training Co. v. Ralls et al.,* 42 Okla. 759, a tenant commenced an action to enjoin its landlord from violating a lease for the year 1912 and from interfering with the plaintiff's possession during the term of the lease. Judgment was rendered for the defendant, and the plaintiff appealed. The appeal was submitted to the supreme court after the lease had expired. In the case of *Blocker v. Howell,* 45 Okla. 610, a landlord commenced an action to enjoin a tenant from trespassing on real estate during the year 1914. The defendant claimed possession of the property by virtue of a lease which expired December 31, 1914. The defendant prevailed, and the plaintiff appealed. The appeal was submitted to the supreme court after the lease had expired. In each case the appeal was dismissed, because only abstract and hypothetical

questions, disconnected from the granting of actual relief, were involved.

The defendant says the judgment of the district court will stand as an adjudication, and he will be liable on the bonds he has given. The subject of liability on the bonds given was not, and of course could not be, brought up by the appeal. The bonds are merely incidents to litigation in which the court is now unable to render a judgment capable of enforcement, and consequently give the defendant no continuing interest in the subject matter of the appeal. (*Horrabin. v. City of Iowa City,* 130 N. W. 150; *Bethany Cong. Church v. Morse,* 151 Iowa, 521.) In the case last cited, the plaintiff procured a temporary injunction. The action was dismissed after proceedings which the plaintiff claimed were wholly irregular, and the plaintiff appealed. After dismissal of the action, suit was brought against the plaintiff on the injunction bond. When the appeal was reached for hearing the controversy had become moot. The syllabus reads as follows:

"The mere fact that a plaintiff has been sued on a temporary injunction bond will not entitle him to appeal from a judgment dismissing the action, simply to have his liability on the bond determined." (syl. ¶ 1.)

In the case of *The State v. Gas Co.,* 102 Kan. 712, 172 Pac. 713, the sole purpose of the appeal was to correct an alleged error which it was claimed would result in establishing a standard of liability in collateral litigation. Because this court could make no order which would be of any effect, the appeal was dismissed.

The appeal is dismissed.