Hall v. Briggs.

No. 21,946.

B. F. HALL, *Appellant,* v. J. D. BRIGGS, *Appellee.*

SYLLABUS BY THE COURT.

FORCIBLE ENTRY — *Termination of Tenancy* — *Appeal Dismissed.* An appeal by the plaintiff in a forcible entry and detainer case will not be considered on its merits where his right of possession will expire before a reversal would, in the usual course of procedure, become effective, and the time for which the defendant claimed a right of possession has already expired.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed February 8, 1919. Dismissed.

*E. F. Murphy,* of Goodland, for the appellant.

*W. L. Sayers,* of Hill City, and *George D. Freeze,* of Goodland, for the appellee.

The opinion of the court was delivered by

MASON, J.: B. F. Hall brought an action under the forcible entry and detainer statute (Gen. Stat. 1915, §§ 7863-7876) against J. D. Briggs. An appeal was taken to the district court, where judgment was rendered for the defendant. The plaintiff appeals.

The plaintiff claimed under a lease executed to him by the owner of the land on November 28, 1917, expiring March 1, 1919. The defendant claimed that correspondence between himself and the owner before that time had resulted in giving him the rights of a tenant until January 1, 1919. The defendant has filed in this court an affidavit stating that on the date last named he had quit and surrendered possession of the tract in dispute. He moves that the present appeal be dismissed on the authority of *Geinger v. Krein,* 103 Kan. 176, 173 Pac. 298, and cases there cited, for the reason that there is no longer any actual controversy between the parties respecting possession of the land, and that no practical result could be accomplished by a reversal of the judgment. The case falls within the principle of the decision referred to, and the facts are quite similar to those of *Blocker v. Howell,* 45 Okla. 610, which is there cited. Not only has the period for

which the defendant claimed the right of possession already expired, but if a hearing on the merits were to be had, a reversal ordered, and a petition for a rehearing filed and overruled, the plaintiff's own lease would expire before in the ordinary course of procedure a mandate to carry the decision into effect would be issued.

The appeal is dismissed.