No. 22,627.

JOHN O'LAUGHLIN, *Appellee*, V. J. A. PROCKISH, *Appellant*.

SYLLABUS BY THE COURT.

FORCIBLE DETENTION—*Controversy Terminated—Abatement of Action.*
When a defendant in a pending civil action for forcible detention shows
without dispute that he has vacated the premises and has been evicted
therefrom, the action should be abated or dismissed.

Appeal from Ellis district court; ISAAC T. PURCELL, judge.
Opinion filed April 10, 1920. Reversed.

*A. D. Gilkeson*, of Hays, *Lee Monroe, Guy L. Hursh, E. R.
Sloan*, and *C. M. Monroe*, all of Topeka, for the appellant.

*E. A. Rea*, and *J. P. Shutts*, both of Hays, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The appellant complains because the trial
court overruled his "plea in abatement." The action, which
was for forcible detainer, originated in the justice court and
was appealed to the district court. Two juries in that court
failed to agree, and the cause was continued to a later term, by
which time the defendant had vacated the premises. The plea
in abatement was based upon that fact, also upon the fact that
certain orders of court in another action had brought about
the eviction of the appellant, and consequently that the ques-
tions involved in this case had become moot. The truth of the
facts alleged in the plea in abatement does not appear to have
been in dispute. The plea was virtually a motion to dismiss
(*Ferris v. Ferris and Trustee*, 25 Vt. 100), and it should have
been sustained. (*Geinger v. Krein*, 103 Kan. 176, 173 Pac.
298; *Hall v. Briggs*, 104 Kan. 277, 178 Pac. 447. See, also,
citations in *Shoe Co. v. Dawson*, 94 Kan. 668, 669, 146 Pac.
996.)

The trial court did have and still has the problem of the
costs incurred below, but can handle that matter as it may be
advised.

Reversed, with instructions to abate or dismiss the action.