(No. 5306. December 5, 1929.)

E. C. ZIMMERMAN, Appellant, v. EARL CRAIG, Respondent.

[282 Pac. 940.]

C. H. Edwards and S. L. Tipton, for Appellant.

A. L. Anderson, for Respondent.

WM. E. LEE, J.—This is an action in forcible detainer brought to recover possession of a certain farm, which plaintiff claims he was entitled to in 1928. He had held the premises under a written lease from H. Craig for the year ending September 1, 1926. One Murray then became the owner of the farm and let it to plaintiff for 1927, under the former written lease. Although there was a house on the farm, no one resided in it. Early in March, 1928, defendant purchased the farm. Plaintiff knew of its purchase, but made no inquiry about occupying it that year. However, on April 26, 1928, he went upon the premises.

He then saw that the orchard had been pruned and that work had been done in cleaning and repairing the ditches, but made no effort to find out if the house was then occupied. He and one Jerome, his employee, for two or three days did some work in cleaning and repairing ditches. During this time they noticed a man, employed by defendant, working on the farm. On April 30th, soon after they arrived, defendant, who had evidently just discovered their presence, drove Jerome from the place, and, according to the complaint, "prevented this plaintiff from going upon said lands." Plaintiff took the position that he had so held over and retained possession as to entitle him to the premises for another year. (C. S., sec. 7322.) The court sustained a motion for nonsuit and entered judgment dismissing the action. The appeal is by the plaintiff. To reverse the judgment, it is contended that the court erred in sustaining the motion for nonsuit because the motion therefor did not specify the particulars wherein the evidence was insufficient and because the evidence was such that the case should have gone to the jury.

While I am of the opinion that plaintiff was not entitled to possession at the time of the alleged forcible detainer, and that, despite an insufficiency in the motion for nonsuit, the judgment ought to be affirmed, the court is of the opinion that the cause has become moot and that, although the point has not been made by respondent, the appeal ought to be disposed of on that ground. Because there is neither allegation nor proof of damages, the right of the plaintiff to possession of the farm until the month of September, 1928, was the only question for determination by the trial court. That time has passed. Under his complaint, plaintiff now has no right to the possession of the premises, and there is no longer any controversy between the parties with respect to the subject of the action. The appeal should be dismissed. (*Hesser v. Bale,* 114 Kan. 750, 220 Pac. 274; *Hall v. Briggs,* 104 Kan. 277, 178 Pac. 447; *Geinger v. Krein,* 103 Kan. 176, 173 Pac. 298; *Blocker v. Howell,* 45 Okl. 610, 146 Pac. 701; *Kelley v. Kelley,* 187 Iowa, 349, 174 N. W. 342; *Kauf-*

*man v. Mastin,* 66 W. Va. 99, 66 S. E. 92, 25 L. R. A., N. S., 855.)

Appeal dismissed. Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Varian, JJ., concur.