No. 36,050

Esther Mueller, as Administratrix of the Estate of Henry Mueller, Deceased, *Appellee*, v. Paul Snyder Seiler, *Appellant*.

(148 P. 2d 266)

Opinion filed April 25, 1944.

*Alden E. Branine,* of Newton, argued the cause, and *Ezra Branine, Fred Ice* and *John P. Flinn,* all of Newton, were on the briefs for the appellant.

*Arnold C. Todd,* of Wichita, argued the cause, and *C. A. Morgan* and *W. H. von der Heiden,* both of Newton, were on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: The action is for forcible detainer, originally commenced in justice court in Harvey county, Kansas, for the possession of a farm. Judgment in that court was rendered in favor of defendant for his costs, and the plaintiff appealed. In district court the plaintiff recovered judgment for restitution of the property and costs, and defendant brings the case here for review.

It is not necessary to relate at length the facts responsible for the commencement of this lawsuit. They can be briefly stated. The plaintiff claimed right of possession on March 1, 1943, of a certain farm which defendant had been occupying as a tenant from year to year. Prior to that date differences had arisen regarding possession. Defendant claimed those differences had been settled a few days before by an oral agreement between the parties wherein he agreed to deliver possession of the premises on March 1 upon payment to him by plaintiff of $250, and that the agreement was to have been reduced to writing but remained oral because of plaintiff's failure to so execute it. The $250 was not paid, the defendant refused to give possession of the farm and the action was instituted.

At the trial in district court, plaintiff adduced evidence in support of her claim she was entitled to possession on March 1, 1943. Defendant in defense sought to show the contract of settlement, the terms of which according to his version, authorized him to retain possession of the premises until payment of the sum agreed upon. The trial court first received the evidence as to the terms of the alleged agreement, but later struck it out on the theory that an agreement pertaining to the right of possession of real estate, and alleged to have settled such right even though entered into prior to the institution of the action, could not be relied upon as a defense in a forcible detainer suit. Without this testimony defendant had no evidence to support his position he was entitled to retain possession until payment of the amount agreed upon, and the trial court thereupon rendered judgment against him as heretofore indicated.

Appellant's specification of error raises but one question and that is whether the trial court erred in excluding the evidence sought to be introduced by him with respect to the settlement agreement. Appellee concedes that fact, but has filed a motion to dismiss and insists such question cannot be heard upon its merits because the principal issue involved in the lawsuit—possession of the real estate —has become moot.

We fully understand the desire of counsel for appellant to have determined the issue raised by him in his specification of error. We, too, are interested in that question, for it comes to us with somewhat of a shock it should be seriously questioned that the right of possession to real estate involved in a forcible detainer action, cannot be determined by a contract of settlement entered into between the parties prior to the institution of the action, or, to put it in different form, that evidence as to the terms of such a contract should be held to be inadmissible on the ground that regardless of the import of those terms they had no bearing upon the rights of the parties to possession of such property.

Long ago, in *Conaway v. Gore*, 27 Kan. 122, 126, cited with approval in *McClain v. Jones*, 60 Kan. 639, 57 Pac. 500, and *Dineen v. Olson*, 73 Kan. 379, 85 Pac. 538, as well as other cases which could be mentioned, this court in determining the right of possession in a forcible detainer action said:

"Every defense which a party may have to any action brought against him, whether such defense be legal or equitable, he may interpose in that

action, and is not driven to another court or another form of action to assert such defense." (p. 126.)

That this statement is in accord with the weight of authority seems to be unquestioned. (See 36 C. J. S. 1166, § 26; 22 Am. Jur. 939, § 41, and 36 C. J. 644, § 1846.)

Regardless of what has just been said and notwithstanding the temptation this case presents for a decision on its merits we feel compelled, in view of appellee's motion and what has been held by this court in the past in disposing of appeals where it appears the issue has become moot, to hold the instant action must be dismissed.

The general rule that courts will not ordinarily consider and decide a question where it appears that any judgment they might render would be unavailing is too well recognized to admit of any dispute. It has been applied frequently and under varied circumstances by this court. (See *Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P. 2d 1113, and cases there cited.) This is true notwithstanding the fact a decision on the merits of the appeal might result in a different judgment so far as costs of the action are concerned. (*Anderson v. Cloud County Comm'rs,* 90 Kan. 15, 132 Pac. 996, and *Meyn v. Kansas City,* 91 Kan. 29, 136 Pac. 898.)

With specific reference to the subject of moot issues on appeal in forcible detainer actions we have held:

"The court will not consider the merits of an appeal from a judgment of forcible detention, rendered against a tenant claiming under a lease, after the lease has expired; and the fact that in the course of the litigation the tenant has given bond not to commit waste and to pay double value of the use, and damages, does not give him a continuing right to a decision on the merits." (*Geinger v. Krein,* 103 Kan. 176, syl., 173 Pac. 298.)

"An appeal by the plaintiff in a forcible entry and detainer case will not be considered on its merits where his right of possession will expire before a reversal would, in the usual course of procedure, become effective, and the time for which the defendant claimed a right of possession has already expired." (*Hall v. Briggs,* 104 Kan. 277, syl., 178 Pac. 477.)

And said:

"Assuming that the defendant's version of the contract is correct, his right of possession under the lease has now expired. The controversy having become moot, the appeal is dismissed." (*Hesser v. Bale,* 114 Kan. 750, 220 Pac. 274.)

". . . when the tenant moved off the real estate the question at issue in the forcible detainer action became moot." (*Leander v. Main,* 140 Kan. 610, 612, 38 P. 2d 319.)

We are not unaware of the fact that a careful analysis of the opinions in the cases just referred to will reveal that the decision in each of them was based upon facts not altogether similar to the factual situation herein involved and that at first glance there may seem to be some room for differentiation between those cases and the one at bar. It must, however, be conceded by the careful analyst that the general principle involved is identical. With that thought in mind we turn to a consideration of the case at bar. It must be remembered the contract relied upon by appellant is an oral one. Notwithstanding, he contends its terms gave him the right to remain on and retain control of the real estate until the $250 was paid. Giving this oral agreement, conceding it was a completed contract, the force and effect placed upon it by appellant it purported to create an interest in and concerning land and was within the provisions of our statute of frauds (G. S. 1935, 33-106). So considered, since appellant's rights in and to the premises must be predicated upon such oral agreement, we think the instant case comes within the rule announced in the decisions last above referred to, that the controversy as to possession of the real estate is now moot and the appeal must be dismissed. Under the circumstances we think the fact the appellee was placed in possession of the property under a writ of execution does not alter the situation. A different conclusion might be reached had the contract been reduced to writing, but since it was not this court could accomplish no practical result by rendering a formal judgment on the issue raised by appellant's specification of error.

For the reason that the question involved in the forcible detainer action—the right of possession to the real estate—is no longer a subject of controversy and is a mooted issue, the appeal is dismissed. The result is, the judgment of the district court will remain undisturbed. Since under the issues there considered the alleged contract of settlement was regarded as having no force and effect in the action, such judgment is now interpreted as having to do only with the right of possession to the real estate, and it will not be a bar to a proper proceeding if and when one is instituted on the theory the terms of such contract entitle appellant to other relief.

The appeal is dismissed.

Smith, J., dissents.