No. 46,449

ROBERT GRABER, *Appellee*, v. LYLE GRIFFIN and NELSON HOBART, *Appellants.*

(500 P. 2d 35)

Opinion filed July 19, 1972.

*H. Newlin Reynolds,* of Hodge, Reynolds, Smith, Peirce and Forker, of Hutchinson, argued the cause and was on the brief for the appellants.

*Ward E. Loyd,* of Calihan, Green, Calihan and High, of Garden City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for forcible entry and detainer originally filed in the county court of Greeley County, Kansas, in which Robert Graber, a tenant, contends he has been unlawfully and forcibly deprived of the possession of two quarter sections of farm land in Greeley County, Kansas. On appeal to the district court from an adverse decision in the county court judgment was entered for the plaintiff, Robert Graber, for the restitution of the premises and costs of the suit.

Appeal has been duly perfected to this court but for the reasons hereafter stated the questions presented by the appellants for determination have become moot.

On the 1st day of March, 1961, Nelson Hobart and others, as landlords, leased a half section of farm land in Greeley County, Kansas, to Ben Graber of Tribune under a written lease. The written lease was for a term commencing July 15, 1961, and ending July 14, 1962. This written lease was renewed in writing from year to year, up to July 14, 1968.

Robert Graber, the son of Ben Graber, had been farming the land

during this period of time and continued to do so after the expiration of the written lease and its renewals. In the fall of 1968 Robert Graber sowed the half section to wheat in 20-rod strips, so that out of the 320 acres only 160 acres were seeded to wheat. The alternating strips were left unseeded.

On the 17th day of January, 1969, Nelson Hobart by letter informed Robert Graber he was the sole owner of the half section of land in question which Robert was farming, and that he would send him a lease in the near future. The evidence disclosed there had been a drought for five years prior to 1969, and that it was dry in the early spring of 1969. The land was blowing badly. Some of the wheat had blown out. Mr. Hobart became dissatisfied with the blowing and on April 11, 1969, wrote Lyle Griffin (defendant-appellant) requesting him to look at the land. Lyle Griffin found the land had very little wheat left on it; that it had blown badly and was still blowing. Thereupon Hobart wrote Robert Graber on April 14, 1969, inquiring as to whether he had worked the land or would release it to him. Receiving no reply he again wrote to Robert Graber on May 9, 1969, inquiring whether Robert Graber had worked the land to stop the blowing or whether he would release it to Mr. Hobart so that "the new tenant may work it." Mr. Hobart received no reply and the land was not worked to stop the blowing.

Mr. Hobart then leased the land for farming to Lyle Griffin who went upon the premises and worked the land with a chisel to stop the blowing. He later planted milo on a portion of the half section which had been worked.

Only 40 acres of wheat remained on the half section after the blowing in the spring, and Robert Graber harvested the 40 acres of wheat which yielded 243 bushels.

On or about the 12th day of July, 1969, while Lyle Griffin was cultivating milo on the premises in question he was approached by Robert Graber and the two men had an altercation. To avoid violence Robert Graber left the premises, and since that time Lyle Griffin and Nelson Hobart (defendants-appellants) have been in possession of the premises.

Robert Graber consulted an attorney who conducted negotiations commencing May 20, 1969. Robert ultimately filed his action on the 21st day of May, 1970, to regain possession of the premises.

On the 20th day of May, 1969, Robert Graber's attorney wrote to Nelson Hobart advising Mr. Hobart that "Mr. Graber considers he

has this land leased until March, 1970." We regard this as an admission, binding upon Robert Graber, that he was claiming pursuant to an oral farm tenancy lease which ran from March 1, 1969, to March 1, 1970.

On the 26th day of January, 1971, a notice was served upon Robert Graber reciting the various facts concerning the blowing of the land and its deterioration; that he did nothing to remedy or prevent the waste of the land and the crop; that after he had been given notice to correct the situation he failed to do so; and that Nelson Hobart thereupon instructed Lyle Griffin to enter upon the premises. After other recitals the notice stated Nelson Hobart, the owner, without forfeiting any of his rights, terminated the alleged tenancy of Robert Graber as of March 1, 1971, requiring Robert Graber to quit and deliver possession to Nelson Hobart not later than March 1, 1971.

In the trial court the appellants contended Robert Graber was a tenant at will in the spring of 1969, and that by reason of waste being committed the landlord was entitled to take possession without giving notice of termination of the tenancy, relying upon K. S. A. 58-2509.

The trial court held evidence of waste was not admissible in an action of forcible entry and detainer, and no notice to terminate the tenancy having been given by the landlord, Robert Graber was entitled to possession. (Citing *Kellogg v. Lewis,* 28 Kan. 535.)

The trial court heard the matter on the 27th day of November, 1970, but its judgment was not journalized until the 27th day of February, 1971. It is not clear from the record whether the trial court had before it the notice to quit served by Nelson Hobart on Robert Graber the 26th day of January, 1971.

The facts giving rise to the cause of action herein occurred prior to the adoption of the new code of civil procedure before courts of limited jurisdiction. (L. 1969, ch. 290, effective January 1, 1970.) The journal entry recites that by agreement of the parties the matter was tried and determined under the old code of civil procedure before justices. Under article 13 of the old code, authorizing actions for forcible entry and detainer, judgments either before a justice or in the district court are not a bar to any after action brought by either party for claims not included in such judgments. (K. S. A. 1968 Supp. 61-1303, now K. S. A. 1971 Supp. 61-2303.)

An action for forcible detainer is strictly possessory in character.

(*Dineen v. Olson*, 73 Kan. 379, 85 Pac. 538.) Thus, if the plaintiff in a forcible detainer action is no longer entitled to possession of the property, his action is subject to dismissal on the ground that any judgment which may be rendered will be unavailing. In *Mueller v. Seiler*, 158 Kan. 440, 148 P. 2d 266, it is said:

"The general rule that courts will not ordinarily consider and decide a question where it appears that any judgment they might render would be unavailing is too well recognized to admit of any dispute. It has been applied frequently and under varied circumstances by this court. (See *Dickey Oil Co. v. Wakefield*, 153 Kan. 489, 111 P. 2d 1113, and cases there cited.) This is true notwithstanding the fact a decision on the merits of the appeal might result in a different judgment so far as costs of the action are concerned. . . ." (p. 442.)

In *Hall v. Briggs*, 104 Kan. 277, 178 Pac. 447, the syllabus reads:

"An appeal by the plaintiff in a forcible entry and detainer case will not be considered on its merits where his right of possession will expire before a reversal would, in the usual course of procedure, become effective, and the time for which the defendant claimed a right of possession has already expired."

The effect of K. S. A. 1968 Supp. 61-1303 (now K. S. A. 1971 Supp. 61-2303) involving actions in forcible detainer is discussed in a number of decisions which tend to support dismissal of an appeal as moot even though rights of parties may be affected thereby. In *Moore v. Smith*, 160 Kan. 167, 160 P. 2d 675, the court said:

"We have a number of decisions involving actions in forcible detainer which, it may be argued, support or tend to support dismissal of an appeal as moot even though rights of the parties may be affected thereby. We have gone far in these cases in saying that we will not consider the merits of an appeal from a judgment of forcible detainer rendered against a tenant claiming under a lease, after the lease has expired. (*Mueller v. Seiler*, 158 Kan. 440, 148 P. 2d 266, and cases there cited.) These cases are not persuasive on the instant issue for the primary reason that we have a statute (G. S. 1935, 61-1303) which specifically provides that judgments in actions for forcible entry and detainer 'shall not be a bar to any after action brought by either party.' Judgments in such cases not being *res judicata*, the reason for refusing to dismiss an appeal would in many cases, at least, disappear. It could not well be said that vital rights would be affected by dismissal if the former judgment is not a bar to subsequent action between the parties. In saying this we are not unmindful of the fact that in *McHenry v. Hubbard*, 156 Kan. 415, 134 P. 2d 1107, section 61-1303 was held inapplicable in certain cases. The statute, however, still stands and is pertinent in appraising our former decisions in forcible detainer cases. Furthermore, our conclusion here as to the sound rule to be applied would not be altered even if it could be shown to be inconsistent with some statements made in the forcible detainer cases." (p. 172.)

With specific reference to the subject of moot issues on appeal in forcible detainer actions see the cases cited in *Mueller v. Seiler*, supra.

Decisions involving actions in forcible detainer must be distinguished from ejectment actions and cases involving an equity of redemption. (See *State v. Downey*, 198 Kan. 564, 567, 426 P. 2d 55; and *Southwest State Bank v. Quinn*, 198 Kan. 359, 424 P. 2d 620.) K. S. A. 1968 Supp. 61-1303 (now K. S. A. 1971 Supp. 61-2303) applies only to actions in forcible detainer.

On the facts in this case the landlord and his new tenant are in possession of the half section of farm land in question and have continuously been in possession of the entire tract since July, 1969. The appellee asserted, by his own exhibit introduced in evidence, he had an oral lease on the land in question until March, 1970. Assuming, without deciding, that the appellee had such an oral lease and that he held over beyond the expiration of the one year term for an additional year, he was given at least thirty days' notice in writing prior to the expiration of the year ending March 1, 1971, that his tenancy was terminated as of March 1, 1971. Thereafter, he had no right to possession of the land, and any judgment this court right render concerning the appellee's right to possession would be unavailing. (See K. S. A. 58-2505 and 2506.)

Accordingly, the judgment of the lower court is reversed with directions to dismiss the action.

FROMME, J., not participating.