THE STATE, *ex rel. H. P. Welsh*, v. HOMER C. MECHEM.

1. COUNTY ATTORNEY, *Appointed Until When.* The appointee of the judge of the district court as county attorney to fill a vacancy caused by the death of the former incumbent, holds his office under the appointment only until the next general election, and until his successor, elected at such general election, shall qualify.

2. BALLOTS, *Not Defective.* Where the electors vote for a person to fill the office of county attorney for the unexpired term of the former incumbent, who died before the expiration of his term of office, the ballots are not irregular or defective if they read "to fill vacancy," although upon the death of the elected county attorney a person was duly appointed to hold the office until a successor was elected and qualified.

3. GENERAL ELECTION—*Definition, Not Changed.* The general election is defined by § 2, article 4 of the constitution, as the annual fall election, and this definition has not been changed or abrogated by the adoption of the constitutional amendment of 1875 relating to the election of members of the legislature.

### *Original Proceedings in Quo Warranto.*

ACTION brought in this court November 27, 1883, by *The State*, on the relation of H. P. Welsh, against *Homer C. Mechem*, to determine the right to the office of county attorney of Franklin county. The opinion herein, filed at the February, 1884, session of the court, contains a sufficient statement of the facts.

*C. B. Mason*, and *W. Littlefield*, for relator.

*A. W. Benson*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: On July 10, 1883, the office of county attorney of Franklin county was vacant by reason of the death of C. R. Meigs, Esq., who was elected county attorney for that county at the November election for 1882. On that day the relator, Harlan P. Welsh, was appointed county attorney by Hon. N. T. Stephens, judge of the district court of Franklin county, and at once executed his bond, took the oath of office, and entered

upon the discharge of his duties as county attorney. The sheriff of Franklin county included in his proclamation for the election held November 6, 1883, the office of county attorney "to fill vacancy," and at the election the defendant H. C. Mechem received 1,940 votes, and J. N. Brown 1,594. Upon a canvass of the vote, H. C. Mechem was declared elected, a certificate of election was awarded to him, and thereupon he gave bond, qualified, and entered upon the discharge of the duties of the office.

On the part of the relator, it is claimed that after he had qualified and assumed the duties of the office of county attorney under the appointment of July 10, 1883, he became the regular county attorney to fill out the unexpired term of the former incumbent, and that the election of his successor could occur only at the time when such officer was to be elected for the ensuing regular term, commencing in January, 1885. We cannot concur in this view of the law. Sec. 146, ch. 25, Comp. Laws of 1879, provides:

"In case of vacancy in the office of county attorney, by death, resignation or otherwise, the judge of the district court shall appoint a county attorney, who shall give bonds, take the same oath, and perform the same duties as the regular county attorney, and shall hold his office until a successor shall be duly elected and qualified."

Section 57, ch. 36, Comp. Laws of 1879, reads:

"All vacancies in any state or county office, and in the supreme or district courts, unless otherwise provided for by law, shall be filled by appointment from the governor until the next general election after such vacancy occurs, when such vacancy shall be filled by election."

Section 58 is as follows:

"The regular term of office of all state, district and county officers, and of the justices of the supreme court, shall commence on the second Monday of January next after the election, excepting as otherwise provided by law."

Section 59 of the same chapter provides:

"Any of the said officers that may be elected or appointed to fill vacancies may qualify and enter upon the duties of

their office immediately thereafter, and, when elected, they may hold the same during the unexpired term for which they were elected, and until their successors are elected and qualified; but if appointed, they shall hold the same *only* until their successors are elected and qualified."

By this last section it was the evident intent of the legislature to provide that where officers are elected to fill vacancies, they are to ʰhold during the unexpired term of the former incumbent; but if appointed, they are not to hold for the unexpired term, but only until their successors are elected and qualified. In *Hagerty v. Arnold*, 13 Kas. 367, Chief Justice KINGMAN, speaking for the court, said: "It is the general policy of the constitution that the people shall elect the officers, and this policy is the one adopted by the legislature." In *Rice v. Stevens*, 25 Kas. 302, Mr. Justice VALENTINE said: "The theory of our law is that officers shall be elected whenever it can be conveniently done, and that appointments to office will be tolerated only in exceptional cases." In that case it was decided that the appointee of the board of county commissioners, to fill a vacancy caused by the resignation of a county clerk, would hold his office under the appointment only until the next general election, and until his successor elected at such general election should qualify. The language of the section authorizing the appointment of a county clerk by the board of county commissioners, upon the death or resignation of the incumbent, as to the term of office, is substantially the same as that relating to the appointment of a county attorney in a case of vacancy, by a district judge. In the one section it reads that the appointee shall hold the office "until a successor shall be elected according to law;" in the other it is provided that the appointee "shall hold his office until a successor shall be duly elected and qualified."

It is further claimed that the relator, notwithstanding all this, is entitled to hold the office of county attorney on the ground that there was no vacancy existing on November 6, 1883, and therefore the electors of Franklin county did not

elect a successor to the relator in voting for the defendant as county attorney to fill a vacancy.  This objection is more technical than substantial, and does not accord with the provisions of the statute.   When a county officer dies, a vacancy occurs.  The appointment to fill the vacancy merely continues until the next general election after the vacancy occurs, and until his successor, elected at such general election, qualifies. Thus § 57, ch. 36, heretofore quoted, provides that vacancies shall be filled by appointment "until the next general election, when such vacancy shall be filled by an election."  The electors, therefore, are not to be defeated in their purpose because in voting for a successor of the appointee to fill the unexpired term of the former incumbent, the ballots read "to fill vacancy."

It is finally claimed that no general election occurred on November 6, 1883, and therefore that as yet no successor to the relator has been elected.  The argument in support of this proposition is "that in 1875 the people of Kansas saw fit to amend the constitution, and so far as the constitutional definition of a general election is concerned, there is no general election in the state, since the adoption of that amendment, excepting at a time when members of the legislature are to be elected."  The general election is defined by § 2, art. 4, of the constitution, as the annual fall election, and this definition has been concurred in by frequent adjudications of this court.   Merely changing the time for the election of members of the legislature does not abrogate the constitutional and statutory definition already given to that term.   (*The State v. Cobb*, 2 Kas. 32; *Bond v. White*, 8 id. 33; *The State v. Thoman*, 10 id. 191; *Hagerty v. Arnold*, supra.)

Judgment must therefore be rendered for the defendant and against the relator, Harlan P. Welsh, for costs.

All the Justices concurring.