VINES *et al. v.* LEE.

No. 14182. SEPTEMBER 22, 1942.

*Scott, Dunaway, Riley & Wiggins,* for plaintiffs.

*Reuben A. Garland,* for defendant.

ATKINSON, Presiding Justice. ■ The defendant in error in her petition alleged that the legal title to the realty involved was in her husband, who had conveyed it to the plaintiffs in error pending her suit against the husband for divorce and alimony, in which suit she had scheduled this identical property. She further alleged that she was in possession, and asked that plaintiffs in error be enjoined from interfering with her occupancy, and that a decree be

entered subjecting the property to her claim for alimony. It has been ruled, in effect, that one who before the rendition of the verdict in such a suit acquires an interest in property so scheduled takes it subject to any verdict subsequently rendered. *Perry* v. *First National Building & Loan Association,* 174 *Ga.* 914 (164 S. E. 804). This is not an authority, however, that supports the contention that before it has been awarded to her as alimony she is entitled, in a suit against her husband's grantee, to any of the relief prayed for in the instant case. These plaintiffs in error by a timely and appropriate demurrer challenged her asserted right. It was overruled. After introduction of evidence, the judge temporarily enjoined them from interfering with her possession. Error is assigned on both rulings. Since the case reached this court the wife in her divorce suit has been awarded the property as alimony. On that state of facts a motion to dismiss the writ of error has been made. It has several times been ruled that in no case will the Supreme Court undertake to pass upon questions presented by a bill of exceptions, when an adjudication of them, even though favorable to the plaintiff in error, could not possibly result in any practical benefit to him. *Benton* v. *Singleton,* 114 *Ga.* 548 (40 S. E. 811, 58 L. R. A. 181); *Davis* v. *Jasper,* 119 *Ga.* 57 (45 S. E. 724); *Arnold* v. *Arnold,* 180 *Ga.* 560 (179 S. E. 715). None of the rulings, however, have been applied to a case like this. The plaintiff when she filed her suit showed no right to the relief sought, because she had neither title nor right of possession. Since that time, and after the record reached this court, she obtained both title and the right of possession. If under these circumstances the writ of error could be dismissed on the ground that the questions had become moot, the same result would follow in a case where a plaintiff sued in trover for property which he claimed, and, without showing title or possession, procured a verdict and judgment, and after the litigation found its way to this court he acquired title thereto. It could as well be said in that case that a reversal could not possibly be of any practical benefit to the defendant. The answer to the suggestion is, that if the plaintiff had no right to bring the suit at the time it was filed, a writ of error that protests an erroneous judgment is not rendered barren merely because, since the rendition of the judgment, he has acquired a right of action. The motion to dismiss is overruled.

522

■ The general demurrer to the petition should have been sustained. The allegations showed no right to any of the relief sought. A wife, as to property owned by her husband and which is scheduled in a suit for divorce and alimony filed by her, has no title unless and until the particular property is by the jury awarded to her as alimony. Although as to such property duly scheduled a grantee in a conveyance from the husband, executed after the filing of the divorce suit, takes it subject to any verdict subsequently rendered in such suit, this puts no title in the wife until such an award is made, and does not authorize a court, in a suit by her against such grantee, to decree that the property be subjected to her claim for alimony, and to enjoin the grantee from interfering with her possession:

■ It was also erroneous to grant the injunction.

*Judgment reversed. All the Justices concur.*