No. 36,330

KEITH E. MOORE, *Appellee,* v. D. D. SMITH, *Appellant.*

(160 P. 2d 675)

168

Opinion filed July 7, 1945.

*John Madden, Jr.,* of Wichita, argued the cause, and *John Madden, Sr.,* of Wichita, was on the briefs for the appellant.

*W. D. Jochems,* of Wichita, argued the cause, and *J. Wirth Sargent, Emmet A. Blaes* and *Roetzel Jochems,* all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Hoch, J.: The substantive question presented by this appeal is whether, under the law then existing, an appointee named by the governor in 1943 to fill a vacancy in the office of sheriff was entitled to serve under the appointment until the next regular term began on January 8, 1945, or whether there was an "unexpired" term to be filled by election covering the period between the general election in November, 1944, and January 8, 1945.

The sheriff of Sedgwick county having been ousted from office, the governor appointed Keith E. Moore to fill the vacancy. Moore took office on July 20, 1943. At the general election in November, 1944, he was elected for the regular two-year term beginning on January 8, 1945. At the primary election in 1944 D. D. Smith was nominated for an "unexpired" or "short" term. At the general election his name was printed on the ballot as a candidate for such term and he received sufficient votes to elect. Moore was not a candidate for an unexpired or short term, taking the position that under the law there was no such term and that under his appointment he was entitled to serve out the term to which his ousted predecessor had been elected, which would expire on January 8, 1945.

Following the election in November Moore brought an action in injunction to enjoin the county commissioners from certifying to the county clerk the election of Smith for the alleged unexpired term; to enjoin the county clerk from issuing a certificate of election to Smith, and to enjoin Smith from entering into or taking over the office of sheriff or in any manner interfering with the plaintiff's conduct of the office.

A temporary injunction was granted. Defendant Smith filed a motion to dissolve the temporary injunction on the grounds that the court was without jurisdiction to grant it; that the right to an elective office could only be tested by proceedings in quo warranto or mandamus; that the plaintiff had no capacity to sue and was not

the real party in interest; that the petition did not state a cause of action; and that the injunction as to the county officers was illegal and void since it restrained them from performing the duties imposed upon them by law.

The motion to dissolve was overruled and defendant Smith demurred on substantially the same ground set up in the motion. The demurrer was overruled. The county commissioners and Smith then filed answers. The gist of the commissioners' answer was that their duties in the matter were "largely ministerial and clerical" in performance of the duties imposed by law and they asked directions by the court. In his answer Smith averred that he was a regular nominee for the unexpired term, was duly elected, had procured a good and sufficient bond in the sum of $20,000 for the faithful performance of his duties as sheriff which he was ready to file as required by law; that the election of a sheriff at the general election to fill an unexpired term, under the circumstances existing, is provided for by statute; that the plaintiff was estopped by his laches in not contesting defendant's right to have his name placed upon the ballot. Other and formal parts of the pleadings need not be recited. It was stipulated that Smith had filed in time under the primary election law, paid the filing fee, and that his was the only name printed upon the general election ballot for the unexpired term.

Evidence establishing the formal facts heretofore recited was received, after which defendant Smith demurred to the evidence. The demurrer having been overruled he moved for judgment, which motion was also overruled. The trial court based its rulings upon the ground that the situation was controlled by section 19-804, G. S. 1935, together with article 4, section 2 of the state constitution, and that no unexpired term as contended for by defendant is therein provided for. Defendant having elected to stand upon his demurrer and motion, judgment was entered permanently enjoining all defendants as prayed for. The court also found that the plaintiff should be required to post a bond in the amount of $5,000 "to secure the said defendant, D. D. Smith, against any damages he might sustain if it be finally decided that the permanent injunction herein ought not to have been granted," and an order that such bond be posted on or before eleven o'clock a. m. on November 10, 1944, was made a part of the journal entry of judgment. It is not denied that

such a bond was posted. On November 18, 1944, this appeal was taken by defendant Smith. The other defendants did not appeal.

We first consider a motion by appellee to dismiss the appeal. He contends that the controversy has become moot; first, because the alleged short term has expired, and second, because the statute upon which he principally relies (G. S. 1935, 19-804) has been materially amended by an act passed by the 1945 legislature. (H. B. 268, now Laws 1945, ch. 162.)

Appellee's second contention, as to the change in the statute, requires no discussion. Without examining the provisions of the new amendment to section 19-804 it suffices to say that whatever changes it makes they can, of course, have no effect on the present controversy. The rights of the parties were determined solely by the law governing the controversy when adjudicated.

Next, should the appeal be dismissed as moot because the alleged short term has expired? A "moot case" has been variously defined. One common definition is that it is a case in which determination of an abstract question is sought when in reality there is no actual controversy existing. Another common definition is that it is one which seeks a judgment upon some matter which if rendered could not have any practical effect upon any then-existing controversy. (27 Words and Phrases, Perm. ed. 536, 538.) The fact that an issue has become moot does not necessarily mean that the appellate court is without jurisdiction to determine it. The rule is one of court policy, founded upon the sound proposition that except when under some statutory duty to do so courts do not sit for the purpose of giving opinions upon abstract propositions not involving actual controversy presented for determination.

The rule as to moot issues requires further statement at this point. The fact that the only relief directly sought upon appellate review can no longer be given, owing to expiration of a period of time involved or to other change in circumstances following judgment, is by no means always sufficient to justify dismissal of the appeal. One of the well-established conditions, as to dismissal, is stated in 4 C. J. S. 1945-1948, as follows:

"The appeal . . . will be dismissed . . . *unless . . . the judgment, if unreversed, will preclude the party against whom it stands as to a fact vital to his rights.*" (Italics supplied.) Similarly, it is said in 3 Am. Jur. 310: "It is not every change in circumstances which might be said to render the case a moot one so as to require a dismissal of the appeal or error proceeding, however. Thus, there

will be no dismissal . . . whenever the judgment, if left unreversed, will preclude the party against whom it is rendered as to a fact vital to his rights, even though the judgment, if affirmed, may not be directly enforceable by reason of a lapse of time or change of circumstances."

In a great number of cases, early and recent, this court has dismissed appeals because the issues had become moot. Every one of these many decisions which we have been able to locate has been carefully examined, along with textbook discussions and many cases from foreign jurisdictions. Among all of our own decisions we find very few where it could at all be contended that dismissal adversely affected any rights vital to the parties. It would unduly extend this opinion to support that conclusion by specific analysis of the many cases.

Appellee calls our attention to only two cases in support of his motion to dismiss: *Dickey Oil Co. v. Wakefield*, 153 Kan. 489, 111 P. 2d 1113, and *State, ex rel. v. Smith*, 140 Kan. 461, 36 P. 2d 956. In the Wakefield case the controversy related to violation of oil production orders issued by the state corporation commission under the proration law. Plaintiff, operating a lease adjacent to the lease of the defendant, alleged that he had been damaged by defendant's excess production of oil in violation of proration orders. When the case reached this court it was admitted that subsequent to the judgment in the lower court production had been equalized as between the leases and that defendant's overage no longer existed. That being true, and any alleged damage to the plaintiff having ceased to exist, we dismissed the appeal on the ground that it was moot. Appellee says, however, that an injunction bond had been given in that case and that in spite of the fact that appellant contended that dismissal might result in action on the bond we dismissed the appeal as moot. The argument is not persuasive. Production having been equalized as between the leases and plaintiff's alleged damage having ceased to exist, there would be no occasion for action on the bond. The surety could not be held liable if the principal's liability had terminated. So it does not appear that any vital right of appellant was affected by dismissal.

*State, ex rel., v. Smith* was a mandamus action in which the state sought to compel the county commissioners to let a contract for the printing of ballots to be used at a primary election at a certain rate said to be specified in the statute. When the case reached here the

time had long since passed when the contract could be let at such rate or at any other rate, and the case was dismissed as moot. Again, no vital rights of the parties in an existing controversy were affected by dismissal. In the opinion the statement was quoted from *State v. Gas Co.*, 102 Kan. 712 (syl. ¶ 4), 172 Pac. 713, which was as follows:

"An appeal may be dismissed when this court can not make any order that will affect the rights of the parties thereto." (p. 463.)

We have a number of decisions involving actions in forcible detainer which, it may be argued, support or tend to support dismissal of an appeal as moot even though rights of the parties may be affected thereby. We have gone far in these cases in saying that we will not consider the merits of an appeal from a judgment of forcible detainer rendered against a tenant claiming under a lease, after the lease has expired. (*Mueller v. Seiler,* 158 Kan. 440, 148 P. 2d 266, and cases there cited.) These cases are not persuasive on the instant issue for the primary reason that we have a statute (G. S. 1935, 61-1303) which specifically provides that judgments in actions for forcible entry and detainer "shall not be a bar to any after action brought by either party." Judgments in such cases not being *res judicata,* the reason for refusing to dismiss an appeal would in many cases, at least, disappear. It could not well be said that vital rights would be affected by dismissal if the former judgment is not a bar to subsequent action between the parties. In saying this we are not unmindful of the fact that in *McHenry v. Hubbard,* 156 Kan. 415, 134 P. 2d 1107, section 61-1303 was held inapplicable in certain cases. The statute, however, still stands and is pertinent in appraising our former decisions in forcible detainer cases. Furthermore, our conclusion here as to the sound rule to be applied would not be altered even if it could be shown to be inconsistent with some statements made in the forcible detainer cases.

The rule under discussion has been followed in many well reasoned decisions in other jurisdictions. We take note of a few of them.

*Kaufman v. Mastin,* 66 W. Va. 99, was an action brought by a landlord to gain possession from a tenant holding under a lease. The plaintiff prevailed, the defendant appealed, and appellee sought dismissal on the ground that the issue was moot, the appellant having vacated the premises. Refusing to dismiss, the court said:

"In this connection, it is submitted that, since the tenant has vacated, the

suit avails nothing; that it pertains only to the possession of the property, which possession can no more be an issue, owing to the act of the tenant in delivering up the same, But Mastin, who obtained this writ of error, resists the motion to dismiss, and submits that a decision as to the legality of the judgment for possession is still a vital one. He insists that if the judgment is to stand, he is bound to respond in an action to recover for the use and occupation of the property, since the judgment binds him to the fact that he unlawfully withheld possession from May 1, 1907; until he vacated one year thereafter. If the judgment is not overthrown, Mastin is precluded by it, in an action to recover for use and occupation, from showing that he was in rightfully under the lease. Thus he may be made to pay a larger sum than the stipulated rent. So it does appear vital to the interests of Mastin that he should continue to attack the legality of the judgment." (p. 101.)

Whether there was a statute in West Virginia similar to our section 61-1303 does not appear from the record, but it is a fair assumption that there was not.

*Click v. Sample*, 73 Ark. 194, involved a contract for the employment of a public-school teacher. The suit was one to enjoin members of the school board and a teacher employed by them. Injunction was granted and appeal taken. Appellees moved to dismiss on the ground that the contract involved had then expired by its terms. The motion to dismiss was denied, and the court said:

"While the contract in controversy cannot now be enforced or enjoined, there is a judgment of the chancery court dissolving the injunction, and, if that judgment stands unreversed, a liability is fixed upon the appellants and their sureties on the bond. That judgment fixing this liability is a substantial controversy, beyond the costs, and can only be reviewed by hearing this appeal." (p. 197.)

*Kensinger v. Schaal*, 200 Ind. 275, involved an election contest over the office of county treasurer. On appeal dismissal was sought on the ground that the issue was moot, the term of office involved having expired. After stating the rule that appeals will ordinarily be dismissed when it is impossible to grant effectual relief, the court said:

"We do not believe the present controversy is a moot controversy as defined in the case just quoted from. Here, although the term of office expired during the pendency of the appeal from the judgment of the county commissioners, substantial rights of the parties, other than the right to the title to the office, to-wit: the right to the emoluments of the office, depend upon the result of a trial and judgment to be had in the superior court." (p. 281.)

*Gouaux v. Smith*, 160 La. 618, related to the constitutionality of an act to shorten the terms of certain health officers. By injunction the appellant had been deprived of an office covering a certain pe-

riod and of the salary thereto attached. An injunction bond was given to cover any damages the appellee might suffer if it should be decided that appellant was not entitled to relief. A motion to dismiss was denied, the court saying:

"If we should dismiss the appeal without reference to whatever right the appellants may have to sue on the injunction bond, and if they or one of them should sue on the bond, the present appellee and his surety on the bond might invoke the judgment that has been rendered in this case by the district court, as a final judgment of a competent court," etc. (p. 624.)

*Ind. School Dist. v. Pennington,* 181 Iowa 933: This was another case involving the validity of a contract of employment of a teacher. When an appeal was heard the time in which the contract might be performed had expired but the court refused to dismiss, saying:

"It is true that, even though we should disagree with the trial court, defendant's contract must remain unperformed; for she was to teach 32 weeks, commencing September 4, 1916, and of course that time is past. But the question of her right to teach under the contract and to recover for the time she did teach remains undetermined." (p. 935.)

*N. M. Motor Corp. v. Bliss,* 27 N. M. 304, related to certain rights under a lease of a store building. It appeared, upon appellate review, that the appellant had vacated the premises and appellee asserted that the issue had become moot and moved to dismiss. The court declined to dismiss, saying that if the appeal were dismissed the judgment of the trial court would remain in full force and effect and if appellant had no rights under the lease appellee might recover full damages for occupancy of the premises on the ground that the appellant was a trespasser; whereas, if he had rights to hold under the lease his liability would be measured by the stipulated rental.

*Hampton et al. v. Lynch,* 54 Okla. 249, was another forcible entry and detainer case, involving similar issues. On appeal by defendant it appeared that he had vacated the premises and no longer claimed right of possession, but the court refused to dismiss the cause as being moot saying that substantial rights were still affected, particularly liability on an appeal bond. Again, the opinion does not disclose whether Oklahoma had a statute similar to our section 61-1303. It may well be that the motion to dismiss would have been granted had there been such a statute.

*Clark v. County of Beadle,* 40 S. D. 597, 169 N. W. 23: This case involved the validity of a contract for the erection of a bridge.

Certain taxpayers brought action against the county commissioners and the bridge company. From a judgement in favor of defendants, the plaintiffs took an appeal. Appellees moved to dismiss on the ground that work under the contract had been completed and final payment made, and that there was nothing but a moot question left. The court declined to dismiss, saying that if the contract should be held invalid alternative relief in the way of money damages might be available and that therefore it would be unfair not to determine the question.

*Green v. Okanogan County,* 60 Wash. 309: Like the Beadle County case, *supra,* this case involved a contract for the construction of a bridge. Substantially the same question was presented and for like reasons dismissal was refused.

*City of Plankinton v. Kieffer,* (S. D.), 13 N. W. 2d 298: The plaintiff city sought to enjoin the removal of a dwelling house from the corporate limits of the city. Upon appeal it was contended that the issue was moot since the house had already been moved and no effectual relief could be granted, even if appellant should prevail. Citing numerous cases the court refused to dismiss, saying that appeals will not be dismissed as moot unless it appears "clearly and convincingly" that the actual controversy has ceased and that "the only judgment which could be entered would be *ineffectual for any purposes* [italics supplied] and an idle act so far as concerns rights involved in the action."

Also, see *Whipple v. Lee,* 58 Wash. 253, 108 Pac. 601; *People v. Botts,* 376 Ill. 476, 34 N. E. 2d 403, 134 A. L. R. 983; *Chapman v. Lamar-Rankin Drug Co.,* 64 Ga. App. 493, 13 S. E. 2d 734; *Vines et al. v. Lee,* 194 Ga. 520, 22 S. E. 2d 122; *Reeves, Com'r of Rev., v. Talbott, Com'r of Finance,* 289 Ky. 581, 159 S. W. 2d 51; *Boston v. Santosuosso,* 308 Mass. 202, 213, 31 N. E. 2d 572; *Danciger O. & R. Co. v. R. R. Comm. of Tex.,* 122 Tex. 243, 56 S. W. 2d 1075.

Would, then, the rights of appellant be vitally affected by dismissal of the appeal? He asserted that he was duly elected to a term of office provided for by the statute. He was enjoined from assuming the duties of the office. If his contention is correct he had at least two rights—to discharge the duties of the office and to receive the salary. It is now true that he can no longer serve during the term involved. But what about his right to receive the salary or to have damages? The trial court decided that the statute did not provide for an unexpired term covering the period from the election in

November, 1944, to January, 1945. If this appeal were dismissed and an action were brought to collect the salary or for damages, could it be said that the issue was not *res judicata?* In a rather extensive research we have been unable to locate any case specifically holding that a judgment from which an appeal has been dismissed because the issue had become moot is *res judicata,* the same as though no appeal had been taken or an appeal had been taken and the judgment affirmed. In numerous cases, however, it has been said in denying motions to dismiss on the ground the issue was moot, that dismissal was refused because it would be unjust to the appellant to have him confronted in a subsequent action with the defense of *res judicata.* (*Independent School Dist. v. Pennington,* supra; *N. M. Motor Corp. v. Bliss,* supra; *Clark v. County of Beadle,* supra; *Danciger Oil & Refining Co. v. R. R. Comm. of Texas,* supra.) And no reason now suggests itself for saying that in such a case the judgment left undisturbed would not be regarded as *res judicata.* At any rate it would be unfair in this case to proceed upon any other theory than that dismissal of the appeal would bar any action for relief. This is of course not to say that if the instant judgment be reversed and action for some sort of relief is brought other defenses may not be available. We are not here concerned with any issues that might be involved in such an action.

We conclude that although the injunction feature is no longer of consequence the motion to dismiss should be denied. Let it be made clear that this conclusion is not at all based upon the ground that a question of public interest is involved. We have repeatedly applied the rule against deciding moot cases even though questions of great public interest were involved. (*Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P. 2d 1113, and cases there cited.) The motion is denied upon the ground that dismissal would unjustly affect vital rights of the appellant in a controversy not fully determined.

A further observation is in order as to appellant's right to have the principal issue determined. There is merit in the suggestion that he was at fault in not expediting an appeal to this court. Upon the appeal from the order overruling his demurrer, entered on November 16, 1944, and upon proper application to this court, the case would have been given very early attention in harmony with our long-established practice of expediting decisions on questions involving the public interest. It is some extenuation, however, that following the trial appellant discovered for the first time that although appellee

had secured his bond he had failed to file it as required by the statute. Thereupon he promptly filed motions to vacate the judgment and for a new trial, which motions were not overruled until December 8, 1944. Thus the time remaining before January 8, 1945, was materially lessened. In addition to all this it may also be said that appellee's course is not free from criticism. Believing that there was no "short" term under the law he waited until after both primary and general elections had been held before taking any action. Ample opportunity was afforded him to have the question determined, at least before the general election ballot had been prepared. Or, if he preferred to take no steps in advance to determine the question he could have simply continued to occupy the office and awaited affirmative action in quo warranto or otherwise by Smith.

We come to the merits of the controversy. Appellant's first contention is that an action for injunction was not the proper remedy to determine whether the law provides for an "unexpired" term; that an action in quo warranto is the remedy provided by statute (G. S. 1935, 60-1602, *First*) to determine the right to exercise any public office; and that in any event the action, if proper, should have been brought by the state on the relation of the attorney general or the county attorney. Preferring to determine this appeal upon the substantive question involved we shall pass this procedural question with brief comment. By way of argument in answer to appellant's contention it may be said that if the defendant had been holding the office and the plaintiff had been seeking to test his right to do so, quo warranto would clearly have been the proper action. But the plaintiff was occupying the office and seeking to cut off the defendant's claim to it. No case has been called to our attention where quo warranto was recognized as the proper action in such a situation. However, we pass the question.

The primary issue is whether, under his appointment, appellee was entitled to serve until January 8, 1945, or only until someone was elected for a "short" term at the election in November, 1944.

There are two statutes primarily involved. The first is section 25-312, G. S. 1943 Supp., which provides:

"All vacancies in any state or county office, and in the supreme or district courts, *unless otherwise provided for by law, shall be filled by appointment from the governor, until the next general election after such vacancy occurs, when such vacancy shall be filled by election.*" (Italics supplied.)

The second is section 19-804, G. S. 1935, the pertinent provisions of which—prior to the recent amendment heretofore referred to—were:

"Whenever a vacancy occurs in the office of sheriff of any county, the undersheriff of such county shall in all things execute the office of sheriff until a sheriff shall be appointed by the governor, *who shall hold his office until his successor is elected and qualified."* (Italics supplied.)

Appellee does not deny that if. the case is governed by section 25-312, G. S. 1935, his term under the appointment extended only until the November, 1944, election, at which time the vacancy would be filled by election. But he calls attention to the words in that section "unless otherwise provided for by law"; contends that as to the office of sheriff it was, by section 19-804, *supra,* "otherwise provided by law" and that under the latter section the provision which reads "who shall hold his office until his successor is elected and qualified" gave him the right to serve until a successor elected for the regular two-year term took office on January 8, 1945.

Appellee's argument may be summarized as follows: Section 25-312, which applies to the filling of offices generally by the governor "unless otherwise provided for by law" was enacted in 1868 and has never been changed; section 19-804, relating specifically to filling vacancies in the office of sheriff, was also enacted originally in 1868, but in 1870 was amended (Laws 1870, ch. 111, § 1) by inserting the words "until a sheriff shall be appointed by the governor, who shall hold his office *until his successor is elected and qualified"* (italics supplied) ; that the legislature of 1870, knowing that the general law (25-312) provided that appointees should serve only until the vacancy could be filled by election, must have intended when it used the words "until his successor is elected and qualified" to take the office of sheriff out from under the provisions of the general law and that those words should be interpreted to mean "until his successor, *chosen for the following regular two-year term,* is elected and qualified."

The immediate trouble with appellee's interpretation is that in the case of *State, ex rel., v. Mechem,* 31 Kan. 435, 2 Pac. 816, this court rejected exactly the same contention with reference to the office of county attorney. The pertinent provisions of the two statutes are the same. Section 19-715, G. S. 1935, provides:

"In case of vacancy in the office of county attorney, by death, resignation or otherwise, the judge of the district court shall appoint a county attorney,

who shall give bonds, take the oath, and perform the same duties as the regular county attorney, and shall hold his office *until a successor shall be duly elected and qualified."* (Italics supplied.)

It is true that in the case of county attorney the district judge and not the governor makes the appointment, but the words relied upon here by appellee—"until a successor shall be elected and qualified"—are precisely the same in both statutes.

In the Mechem case the district judge appointed Welsh in July, 1883, to fill a vacancy caused by the death of the incumbent; at an election in November, 1883, Mechem was elected and took office at once. In an action in quo warranto Welsh asserted that he was entitled to hold the office until the end of the term to which his predecessor had been elected and that Mechem's occupancy of the office was unlawful. He made the same argument that appellee now makes. Interpretation of the same statutes as are here before us was at issue, including what is now section 25-312 and which has remained unchanged. The court also called attention to section 59, chapter 25, of the Laws of 1879, which has not been changed and which is now section 25-314, G. S. 1935, and is as follows:

"Any of said officers that may be elected or appointed to fill vacancies may qualify and enter upon the duties of their office immediately thereafter, and *when elected they may hold the same during the unexpired term for which they were elected,* and until their successors are elected and qualified; but *if appointed, they shall hold the same only until their successors are elected and qualified."* (Italics supplied.)

Referring to the latter statute the court said:

"It was the evident intent of the legislature to provide that where officers are elected to fill vacancies, they are to hold during the unexpired term of the former incumbent; *but if appointed, they are not to hold for the unexpired term, but only until their successors are elected and qualified."*

In the opinion in the Mechem case the court quoted from *Hagerty v. Arnold,* 13 Kan. 367, where Mr. Chief Justice Kingman speaking for the court said: "It is the general policy of the constitution that the people shall elect the officers, and this policy is the one adopted by the legislature." Also quoted was the statement in *Rice v. Stevens,* 25 Kan. 302, that "The theory of our law is that officers shall be elected whenever it can be conveniently done, and that appointments to office will be tolerated only in exceptional cases." Similar statements have been made in many subsequent cases. But the decisions for one reason or another not being definite authority on the question before us they need not be cited.

We find no reason for departing from the statutory interpretation made in the Mechem case. Under that interpretation, which we believe to be sound, appellee was only entitled to serve under the appointment until a successor elected at the next general election in November, 1944, was ready and able to qualify; and that appellant was duly elected to an unexpired term covering the period between such election and the beginning of the next regular term on January 8, 1945. This conclusion makes it unnecessary to consider other questions raised.

The judgment is reversed, with directions to dissolve the injunction and to enter judgment for the defendant for costs.

BURCH, J., not participating.