No. 39,771

T. K. Linden, Elmer R. Corn, Edward McGivney, Olive McGivney Iven and Emmett McGivney, *Plaintiffs*, v. The Board of Park Commissioners of the City of Wichita, and O. J. Watson, Chairman; F. F. Bergier, Robert E. Israel, Jr., Duane J. Buckley and George M. Brown, as members of the Board of Park Commissioners; and The City Attorney of Wichita, Kansas, *Defendants*.

(285 P. 2d 1070)

Opinion filed July 6, 1955.

P. K. Smith and H. E. Jones, both of Wichita, argued the cause, and Russell Schultz, A. W. Hershberger, J. B. Patterson, Richard Jones, Wm. P. Thompson, and Jerome E. Jones, all of Wichita, were with them on the briefs for the plaintiffs.

Lawrence E. Curfman, assistant city attorney, argued the cause, and Fred W. Aley, city attorney, was with him on the briefs for the defendants.

The opinion of the court was delivered by

Robb, J.: This was an original proceeding in mandamus filed directly in this court by the plaintiffs above set out.

Plaintiffs' petition filed November 29, 1954, requested the issuance of an alternative writ in mandamus and stated that plaintiffs owned some sixty-five acres southeast of Wichita. The board of park commissioners, hereafter called defendants, on July 22, 1954, unani-

mously passed a resolution declaring the necessity to acquire the sixty-five acres by condemnation, or otherwise, and caused a certificate to be recorded in the register of deeds' office in compliance with the law. On July 27, 1954, the city commission of Wichita passed, recorded, and published a like resolution. Defendants notified plaintiffs' tenant to pay the rents into court and not to pay them to any of the plaintiffs because title to the sixty-five acres was now vested in the city. Defendants thereby took possession and remained in possession of the property until the time the petition was filed. On numerous occasions plaintiffs requested that condemnation proceedings be commenced but met with no success. Purchase negotiations between plaintiffs and defendants terminated prior to July 27, 1954. Plaintiffs have been kept out of possession of the land since July 22, 1954. They have no remedy at law and unless a writ of mandamus is issued commanding defendants to commence condemnation proceedings or, in the alternative, to show cause on a day certain, why proceedings were not commenced, plaintiffs will suffer irreparable damage.

Plaintiffs filed their affidavit of jurisdiction along with the petition on November 29, 1954. An alternative writ was issued by this court on November 29, 1954, directing the defendants to commence condemnation proceedings immediately or to appear on December 20, 1954, at 10:00 a. m. to show cause, which writ was served on December 2, 1954. The original copy of the writ showing such service was filed in this court on December 4, 1954.

On December 18, 1954, defendants filed a motion to quash the alternative writ and demurred to the alternative writ and the petition, which motion was denied by this court on December 20, 1954. Application was made for the appointment of a special master to hear evidence and to make suggested findings of fact and conclusions of law. This request was granted and Mr. L. J. Bond, attorney of El Dorado, Kansas, was appointed commissioner on December 20, 1954. He qualified on December 28, 1954.

Findings of fact and conclusions of law were filed by the commissioner on April 1, 1955. They showed that plaintiffs and defendants' attorneys appeared at the commissioner's office in El Dorado on January 31, 1955, and by agreement a hearing was set for March 2, 1955. Prior to that date counsel submitted trial briefs. On March 2 all parties appeared at the city building in Wichita and plaintiffs and defendants offered evidence. The matter was passed to March

4, 1955, to allow defendants time to obtain the evidence of one of the plaintiffs. On March 4, 1955, plaintiffs completed their evidence and defendants presented certain exhibits.

Findings of the commissioner were substantially as follows:

1. On July 22, 1954, the board of park commissioners (defendants) passed a resolution declaring the necessity of acquiring the land in question and recorded the certificate reciting the passage of the resolution with the register of deeds of Sedgwick county. On July 27, 1954, the city commission also passed a resolution declaring the necessity of acquiring the land in question for park purposes.

2. On July 27, 1954, the city commission concurred in defendants' resolution and approved the issuance of bonds to pay for the land, the cost to be determined in condemnation proceedings.

3. The resolution of the city commission was published.

4. Defendants notified the tenant of the land that the city had taken action to acquire Meadow Lark and that the rent was to be placed in escrow and not paid to anyone.

5. Plaintiffs owned an interest in the land and no other person owned an interest, the McGivney heirs owned the fee simple title, and Elmer R. Corn and T. K. Linden had an interest by reason of their contract of purchase.

6. Defendants offered no evidence disproving any allegations of the petition but their answer denied the allegations.

7. In addition to defendants' motion to quash, they set up a general denial, a number of allegations as a defense to the action, and a timely motion was made to strike the last eight lines of paragraph 2 thereof and paragraphs 3 to 10, inclusive, because they were repetitious, irrelevant, immaterial and redundant. The commissioner deferred ruling thereon until the findings and conclusions were filed.

The conclusions of law were that (1) the motion to quash was properly overruled and the demurrer should be overruled; (2) plaintiffs' motion to strike was immaterial because they were entitled to the relief asked even though the paragraphs attacked were incompetent and irrelevant; (3) the city took the statutory (G. S. 1949, 26-201) steps to condemn the land and by such action title thereto vested in the city; (4) the city failed in its legal obligation, in keeping with statutory requirements, to apply in writing to the district court of Sedgwick county, as soon as practicable after declaring the appropriation necessary, and plaintiffs are entitled to a writ of mandamus demanding commencement of condemnation proceedings forthwith; and (5) plaintiffs have no adequate remedy at law to protect their interests.

On April 14, 1955, plaintiffs moved for confirmation of the findings of fact and conclusions of law of the commissioner, and defendants,

on April 30, 1955, filed a supplement to their motion to quash and an answer, wherein they alleged that on April 28, 1955, the city had filed and presented written application to the Honorable Howard C. Kline, one of the judges of the Sedgwick county district court, to appoint appraisers and who on the same date had appointed appraisers to conduct proceedings in eminent domain. The appraisers were at that time performing those functions. It was further alleged that public funds were not previously available to pay for the land which, along with others, was the reason application had not previously been made. Defendants asked that the writ be quashed along with plaintiffs' petition, motion for appointment of a commissioner, and they further asked that the action be dismissed at the cost of the plaintiffs.

On April 30, 1955, the same day, defendants filed a motion to correct the findings of fact and conclusions of law, which may be briefly summarized as follows:

1. Legal description should be corrected.

2. Only one concurring resolution, and not two, were adopted by the board of park commissioners of Wichita.

3. Findings 6 and 7 should be stricken because they were not in accord with the evidence and other findings of fact should be substituted.

4. Conclusion of law 1 should be stricken and defendants' motion to quash substituted.

5. Conclusion of law 2 should be stricken and a denial of plaintiffs' motion to strike portions of defendants' answer should be substituted.

6. Conclusion of law 4 should be stricken and a statement substituted to the effect that lack of funds was justification for failure of the city to proceed properly with the condemnation.

7. Conclusion of law 5 should be stricken and an order assessing costs to the plaintiffs including the fees and expenses of the commissioner and the court reporter should be substituted.

First, we must overrule the motion to correct the findings of fact and conclusions of law filed by defendants for the reason that the record shows there was ample basis for the findings and conclusions on the part of the commissioner and in addition thereto, the defendants acted by their resolution, which was recorded, followed by the resolution of the city commissioners, which was recorded with the register of deeds of Sedgwick county and published as required by law; further, the tenant of plaintiffs, owners of the land, was notified by defendants not to pay rents to anyone but to deposit them in escrow with the clerk of the district court. This proceeding on the part of defendants gave rise to plaintiffs' request for the writ

and as soon as the commissioner concluded that plaintiffs were entitled to the writ, the defendants complied therewith by filing a proceedings in eminent domain to condemn the land in question. We conclude this was all done in good faith because a city, or any other public body, cannot use public power to oppress, and this is true of the power of eminent domain. We, therefore, approve and adopt the findings of fact and conclusions of law submitted by the commissioner.

We cannot agree with defendants that the questions involved are moot. (*Moore v. Smith*, 160 Kan. 167, 160 P. 2d 675.) The defendants have confessed and complied with the writ and the proceedings are dismissed with costs, including the fees and expenses of the commissioner and court reporter, assessed to the defendants. We do not feel that any attorney fees should be assessed against the defendants, as requested by plaintiffs. It is so ordered.