No. 31,408

R. W. Bowling, *Appellant*, v. R. E. Moore, *Appellee.*

(32 P. 2d 247.)

Opinion
filed May 5, 1934.

*Ralph Knittle,* of Salina, and *V. E. Danner,* of Ellsworth, for the appellant.
*Samuel E. Bartlett* and *George D. Miner,* both of Ellsworth, for the appellee.

The opinion of the court was delivered by

Smith, J.: This action is one in the nature of ejectment, wherein plaintiff seeks possession of certain Ellsworth county land, recovery of money in the amount of $1,500, representing one-half of the income from the land, and a determination of the respective interests of plaintiff and defendant in the land and partition thereof. The defendant denied that plaintiff had any right, title or interest in the land. Both parties asked the court to make findings of fact and conclusions of law. The court made findings favorable to defendant and rendered judgment decreeing defendant to be the sole owner of the land in controversy and entitled to possession thereof and to the income therefrom. Plaintiff appeals.

The land involved was made up of contiguous parcels, contained 2,390 acres, and was used principally as a cattle ranch. Early in 1926 it was owned, subject to a mortgage of $55,000, by George E. Bowling, father of the plaintiff herein. In August, 1926, George E. Bowling and his wife, Jennie Bowling, entered into an option agreement with George T. Tremble, under the terms of which Tremble was given immediate possession of the land and had the option of buying it for $19,600, subject to the existing mortgage, in addition to the consideration the agreement acknowledged as received at the time of its execution. On January 19,

1930, George E. Bowling and his wife deeded the land to Tremble, and on February 12, 1930, Tremble sold the land to the defendant herein, R. E. Moore.

Plaintiff contends that the option agreement was made for his benefit as well as that of Tremble and hinges his claim of interest in the land upon an alleged agreement with Tremble to that effect, which he pleads as follows:

"2. That on or about the 11th day of November, 1926, . . . George E. Bowling and Jennie Bowling entered into an option agreement in writing with George T. Tremble, for himself and on behalf of this plaintiff, a copy of which written agreement is hereto attached, made a part hereof and marked 'Exhibit A'; in which said agreement, the said George T. Tremble and the plaintiff were granted the option to purchase the following-described real estate, . . . for the sum of $17,500 cash at the time of the execution of said option agreement . . . and the further sum of $19,600 to be paid as in said option agreement provided. That while said option agreement was in full force and effect, it was agreed in writing by and between the plaintiff and said George T. Tremble on the 17th day of November, 1926, that there was due the said George E. Bowling and Jennie Bowling, under said option agreement, the sum of $19,600, and that of said sum the said George T. Tremble owed $15,000 and the said plaintiff owed $4,600, and that under all of the terms of said option agreement, the said George T. Tremble had paid $6,200 and the said plaintiff had paid $11,300 as is shown by the written agreement hereto attached, made a part hereof, and marked 'Exhibit B.'

"3. That of the said $17,500 paid on said option agreement marked 'Exhibit A,' said plaintiff paid $11,300 in the manner and at the time as follows, to wit: On November 11, 1926, or immediately thereafter, the exact date plaintiff is unable to state, $11,300. That in the latter part of the year 1929, or the fore part of the year 1930, the exact date plaintiff is unable to state, plaintiff paid the sum of $4,600 by assuming an indebtedness owed by one John Cadwell to the Central National Bank of Ellsworth, Kansas, of which said bank the said George T. Tremble was president, and it was then and there orally agreed by and between the said George T. Tremble and plaintiff that the $4,600 due and owing by said plaintiff, as set out in Exhibit B hereto attached, would be paid to George E. Bowling and Jennie Bowling by George T. Tremble, and the said George T. Tremble and said plaintiff would then and there be the owners of said land half and half; and that thereafter and on or about February 12, 1930, the exact date plaintiff is unable to state, said sum of $4,600 was paid by said George T. Tremble to said George E. Bowling and Jennie Bowling. . . . Plaintiff further states that by reason of the aforesaid payments made as aforesaid, plaintiff was to and did become the owner of an undivided one-half interest therein. That the total consideration paid by plaintiff and George T. Tremble for said lands to George E. Bowling and Jennie Bowling was $37,100, and said lands were purchased for said consideration subject to a mortgage then of record thereon, in the sum of $55,000.

"4. Plaintiff further alleges, that thereafter and on or about the —— day of January, 1930, the exact date of which is to plaintiff unknown, it was orally agreed by and between plaintiff, George T. Tremble, George E. Bowling and Jennie Bowling, that the said George E. Bowling and Jennie Bowling should convey said lands to said George T. Tremble, subject to the mortgage thereon of $55,000, and that said George T. Tremble should hold the title thereto, and that the undivided one-half interest of plaintiff in said lands should be held in trust by said George T. Tremble for the use and benefit of this plaintiff. Plaintiff states that he is unable to more definitely set out the terms and conditions of said oral agreement. That in pursuance of said oral agreement, the said George E. Bowling and Jennie Bowling, did on February 15, 1930, convey said lands to George E. Tremble by their warranty deed of that date and the said George E. Tremble then and there held the title to said lands for himself and in trust for the plaintiff as aforesaid.

"5. Plaintiff further alleges that on or about the 9th day of January, 1931, · for a consideration . . . which was inadequate and was not a fair and reasonable consideration, the said George T. Tremble, without the consent or knowledge of the plaintiff, conveyed to the defendant R. E. Moore, the above-described lands, by his quitclaim deed, subject to the mortgage of record in the sum of $55,000.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"8. Plaintiff further alleges that at the time defendant purchased said lands from said George T. Tremble, the defendant well knew that plaintiff and said George T. Tremble were the joint owners thereof and that plaintiff and said George T. Tremble each owned an undivided one-half interest therein, and well knew that plaintiff and George T. Tremble had been in possession of said lands and occupied the same as hereinbefore alleged, and well knew that said George T. Tremble held title to said lands in trust for the use and benefit of the plaintiff as hereinbefore alleged, and well knew at the time he received the quitclaim deed to said lands from said George T. Tremble, that the consideration, whatever it was, was wholly inadequate and was not a reasonable consideration and price for said lands. And plaintiff further alleges that if the defendant did not know any of said facts, he could have readily learned the same, had he made inquiry and exercised due diligence to that end.

"9. Plaintiff further alleges that by reason of the facts hereinbefore stated, he is the equitable owner of an undivided one-half interest in and to the above-described lands and the defendant is the legal owner of an undivided one-half interest in said lands and plaintiff and defendant are the joint owners of said land, and that said lands are subject to partition."

In his second cause of action plaintiff asked for one-half of $3 000 rents and profits which had been received by defendant.

Defendant answered with a general denial, and specifically denied that he had executed the agreement evidenced by Exhibit B. Defendant set out the conveyances by George E. Bowling and wife to George T. Tremble and the conveyance by Tremble to defendant,

and alleged that by reason thereof defendant had been since January 9, 1931, the owner in fee absolute and holds the full legal and equitable title to the land, and plaintiff had no interest therein. Defendant further alleged that no part of the consideration for the purchase of the land had been paid by plaintiff; that the option contract was not filed of record and defendant had no knowledge thereof; that at no time did plaintiff inform defendant that he claimed an interest in the property; that all rights of plaintiff, if any, under the option agreement were forfeited for failure to exercise the option; that plaintiff consented to the sale by Tremble; that defendant relied on the representations of Tremble that he was absolute owner of the land; that the land had been leased by Tremble and by defendant without protest from plaintiff; that plaintiff knew of the negotiations and sale by Tremble and that plaintiff consented thereto and approved the sale, disclaiming any interest therein and that plaintiff is estopped to claim any interest in the property.

Plaintiff replied at length and denied that he had remained silent as to his interest in the land, and denied that defendant was absolute owner thereof. The issues thus formed were tried by the court and jury, the parties agreeing the jury should act in an advisory capacity only and make findings of fact. The jury's findings were not satisfactory to either side, and the parties both asked that the court make findings of fact and conclusions of law. The court made findings favorable to defendant on all the issues, and its conclusion of law was that "defendant is entitled to judgment, decreeing him to be the sole owner of the real estate in controversy in this action and entitled to the possession thereof, and also entitled to all the rents and profits realized from said real estate since he entered into possession thereof."

Judgment was entered accordingly and plaintiff appeals, assigning many errors. It will not be necessary, however, for this court to rule on the questions raised, for at the outset of a consideration of the questions we are confronted with a motion by defendant to dismiss the appeal.

The motion to dismiss is based on the fact that the holder of the $55,000 mortgage on the land involved herein, brought an action to foreclose the mortgage. The parties to this action of *R. W. Bowling v. R. E. Moore* were made defendants in the foreclosure action and both were served by personal service of summons. Moore answered

setting out his ownership of the land. The journal entry of judgment in the foreclosure action reads in part as follows:

"It is further considered, ordered, adjudged and decreed that the defendant, R. E. Moore, is the owner of the above-described real estate free and clear of all claims of the defendants, or any of them, except the lien of the plaintiff and the lien of the defendant, The Central Trust Company, a corporation, as heretofore found and adjudged by the court, and that the said defendant, R. E. Moore, is the owner of the equity of redemption and the title to all the rights accorded the owner of such equity of redemption as provided by law."

This judgment was rendered in January, 1933, a short time prior to the trial in the within action, has not been appealed and is now conclusive and binding on the parties to that action, including the appellant herein. That judgment determines the rights of these parties in the land in controversy, and settles the real controversy between them in this action. The rule is well established that this court will not render judgments that cannot be made effective. (*State, ex rel., v. Insurance Co.*, 88 Kan. 9, 127 Pac. 761, and cases cited therein; 4 C. J. 585.)

The appeal is therefore dismissed.