No. 39,937

ROBERT J. WILLHITE and MARY G. WILLHITE, *Appellees,* v. WOOD CONSTRUCTION COMPANY, INC., *Appellant.*

(292 P. 2d 703)

Opinion filed January 28, 1956.

*Marion C. Miller,* of Kansas City, argued the cause, and *Edw. A. Benson, Jr.,* of Kansas City, was with him on the briefs for the appellant.

*George A. Lowe,* of Olathe, argued the cause, and *K. U. Snyder,* of Overland Park, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover actual and punitive damages alleged to have resulted from false and fraudulent representations, respecting the paid status of street and sewer assessments, made by defendant, and its agents, who consummated a sale to plaintiffs of a residence property in Rayven Plains, a subdivision of Johnson County. The cause was tried by a jury which returned a verdict against defendant for actual and nominal punitive damages. Thereafter the trial court approved the verdict and rendered judgment in accord therewith. This appeal followed.

In their briefs both parties plunge into a discussion of what they regard as the salient issues involved on appeal without paying any attention to Rule 6 (3) (c) of this court requiring that the brief of the appellant shall contain a full statement of the essential facts of the case or Rule 6 (4) (b) directing that the brief of the appellee shall contain a full statement of any additional facts shown by the abstract and deemed essential. Under such circumstances we are neither required nor disposed to search the record and supply what the parties themselves deem unnecessary. On that account our factual statement will be limited to matters mentioned in the preceding paragraph of this opinion.

In a general way it may be stated that claims advanced by appellant as grounds for reversal of the judgment are that the trial court erred (1) in permitting an amendment to the petition to conform to the proof; (2) in excluding evidence; (3) in the admission of evidence; (4) in submitting the question of punitive damages; (5) in the giving of its instructions; (6) in overruling its motion for judgment *non obstante*; (7) in rendering judgment in accord with the verdict; and (8) in overruling the motion for a new trial.

After a careful and extended examination of a confusing and somewhat incomprehensible record which has made a decision of all questions raised by the parties unusually tedious and difficult we have concluded that this is primarily a fact case wherein the question of appellant's liability for the fraud and deceit relied on by appellees, as grounds for the relief sought in their petition, was not only fairly submitted but conscientiously determined by the jury on the basis of substantial competent evidence and that its decision should end this lawsuit. Moreover, in the light of the rec-

ord as presented, we are convinced that appellant, in contentions advanced respecting the matters relied on as grounds for reversal of the judgment, has failed to make it affirmatively appear there has been any error or irregularity in the case which has prejudicially affected its substantial rights. Under such circumstances this court has no alternative and is compelled to sustain the trial court's judgment. Indeed the clear and unequivocal language of the statute (G. S. 1949, 60-3317), as well as a long line of established decisions (See West's Kansas Digest, Appeal & Error, § 901; Hatcher's Kansas Digest [Rev. Ed], Appeal & Error, § 583), require that it do so. For our more recent decisions, wherein the rule is stated, discussed and applied see *State, ex rel., v. Rural High School District No. 3,* 169 Kan. 671, 220 P. 2d 164; *Whipple v. Fehsenfeld,* 173 Kan. 427, 249 P. 2d 638; *Gillen v. Stangle,* 175 Kan. 364, 264 P. 2d 1079; *Smith v. DeHay,* 176 Kan. 422, 271 P. 2d 251.

The judgment is affirmed.