No. 41,134

DON WILLIAMS, *Appellee* v. THE CITY OF WICHITA, KANSAS, a Municipal Corporation, *Appellant,* and LAYNE WESTERN COMPANY.

(334 P. 2d 353)

Opinion filed January 24, 1959.

*J. Rodney Stone,* of Newton, argued the cause, and *Fred W. Aley, Robert B. Morton,* and *Paul J. Donaldson,* all of Wichita, were with him on the briefs for the appellant, City of Wichita.

*Kenneth G. Speir,* of Newton, argued the cause, and *Vernon A. Stroberg* and *Herbert H. Sizemore,* both of Newton, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Don Williams commenced this action on January 16, 1958, by filing a petition in the district court of Harvey County against the City of Wichita and Layne Western Company. In this pleading plaintiff alleged Layne had contracted with the City to drill certain water wells for the City in Harvey County near

land owned by him; charged that the contracting parties who were named as defendants, were proceeding to drill such a well and would, unless restrained, complete the drilling thereof, equip the same, and proceed to pump water thereby from under plaintiff's land and the land of other landowners in the vicinity of its location, all without legal authority and in violation of law; asked for an order forthwith, restraining such defendants from proceeding further with the drilling and equipping of the water supply well, then being installed, or with the drilling of any other well in such vicinity; and prayed that upon final hearing the defendants be permanently enjoined from drilling or completing such well or any other well until the defendant, City of Wichita, acquired a lawful and valid right to drill such wells and divert water from under plaintiff's land and other lands in the vicinity of such proposed well or wells.

Following the commencement of the action, and on January 17, 1958, the district court issued an *ex parte* order, entitled Temporary Restraining Order, by the terms of which the defendants and their respective officers, agents, servants and employees, were restrained and enjoined from proceeding further with the drilling or equipping, and diverting water by means of the water well in question or any other proposed wells in Harvey County, pending its further orders. The defendant City learned of this order and, through its counsel, discussed it with the district judge in chambers on the next day but took no immediate action with respect thereto.

Some two weeks later, on February 4, 1958, the defendant City filed a Special Entry of Appearance and Motion to Quash the Purported Summons and Pretended Service thereof in the office of the clerk of the court. Two days later this motion was overruled in its entirety by the district court.

On February 24, 1958, the City perfected an appeal to this court under a notice reciting that it was appealing from the Temporary Restraining Order issued on January 17, 1958, and from the district court's order of February 6, 1958, overruling its Special Entry of Appearance and Motion to Quash.

Thereafter the appellant City filed a motion wherein it asked this court for an order staying and suspending further proceedings in the district court, pending determination and decision of its appeal. At or about the same time, appellee filed a motion to

dismiss the appeal on the ground that neither of the orders sought to be appealed from was an appealable order.

· On March 7, 1958, after careful consideration of the appellant's motion, which included an examination of all papers on file in the cause, we found that the trial court's order, granting appellee injunctive relief, was in fact a temporary injunction, not a temporary restraining order, and that no statutory bond had been given by appellee as provided for by G. S. 1949, 60-1110. Thereupon, recognizing that under our statute (G. S. 1949, 60-3302, *Second*) and decisions (See, e. g., *Laswell v. Seaton,* 107 Kan. 439, 191 Pac. 266; *Harwi v. Harwi,* 143 Kan. 710, 713, 56 P. 2d 449; *Hayward v. State Corporation Comm.,* 151 Kan. 1008, 1014, 101 P. 2d 1041) a restraining order which has the effect of a temporary injunction is appealable, we overruled the appellee's motion to dismiss the appeal.

On the same day, *i. e.,* March 7, 1958, in connection with appellant's motion, this court, mindful of the provisions of 60-1110, *supra,* providing that no injunction shall operate unless the party obtaining the same shall give bond, ordered and directed that the temporary injunction theretofore issued by the district court be vacated, set aside and held for naught, unless appellee file with its clerk on or before March 12, 1958, a bond in the amount of $25,000 with good and sufficient sureties, to be approved by such clerk, to secure to the party injured the damages he might sustain if it be finally decided that such injunction ought not to have been granted.

Resort to our records discloses appellee failed to file the bond required by this court within the time specified and that on March 13, 1958, the temporary injunction, here involved, ceased to be of any binding force and effect. Notwithstanding, and although in subsequently filed briefs, all parties concede such temporary injunction became a nullity on the date last above indicated, the appellant insists it is now entitled to a review of, and decision on, the propriety of the trial court's action in granting appellee a temporary injunction and in overruling its Special Entry of Appearance and Motion to Quash.

The only question raised or argued by appellant in its brief or on oral argument with respect to error on the part of the trial court in granting the *ex parte* order, entitled Temporary Restraining Order, is that such order was in fact a temporary injunction, that in the absence of a proper bond became a nullity. For all prac-

tical purposes that question, as we have previously indicated, was determined upon the hearing of appellant's own motion when, on March 7, 1958, we held the Temporary Restraining Order was actually a temporary injunction and directed that such order be vacated, set aside and held for naught, unless the appellee filed the bond required by our order on or before March 12, 1958. The result, since our records disclose and it is conceded appellee did not file the required bond, is that all matters connected with the issue now under consideration, as raised in appellant's brief, which we pause to note was not filed in this court until October 24, 1958, have long been moot. It necessarily follows that anything we might here say or hold with respect to them would be of no consequence to the particular question appellant now seeks to have discussed and determined. This court, under decisions so numerous that their citation is neither necessary nor required, has long been committed to the rule that it will not consider and decide questions raised on appeal when the record makes it clearly appear that any judgment it might render with respect thereto would be unavailing or ineffective. Another rule of like import, and equally well-established, is that when a question becomes moot, judicial action ceases.

Passing contentions raised by appellant as to the merits of its claim the trial court erred in overruling its Special Entry Appearance and Motion to Quash which, it should be pointed out, are not entitled to consideration if it failed to perfect a valid appeal from such ruling, we turn directly to that all important question, mindful as we do so that under all our decisions (See West's Kansas Digest, Appeal & Error, §§ 70[1], 78[2], 95; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 16) an independent appeal does not lie from an order overruling such a motion until final judgment.

Recognizing the rule to be as just stated and based on the assumption appellate jurisdiction has been established with respect to its appeal from the order granting the temporary injunction, the essence of all arguments advanced by appellant, on the particular point now under consideration, is that, by reason of the provisions of G. S. 1957 Supp., 60-3314a, this court acquired appellate jurisdiction over the ruling on its motion to quash, under and by virtue of its notice of appeal from the injunction order.

Laws of 1951, Chapter 350, now G. S. 1957 Supp., 60-3314a, on which appellant relies to sustain its position, reads:

"When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling."

It must be conceded that since the enactment of the foregoing statute this court has interpreted its provisions as permitting appeals from prior nonappealable rulings and orders where an appeal is timely perfected from a subsequent judgment or some other subsequent appealable order. Indeed, with respect to the overruling of a motion such as is here in question, it has so held. See *Standard Steel Works v. Crutcher-Rolfs-Cummings, Inc.,* 176 Kan. 121, 269 P. 2d 402, where a motion to quash was overruled more than five months prior to the overruling of a demurrer to the petition, which holds:

"Although an independent appeal does not lie from an order overruling a motion to quash service of summons such an order is reviewable, under the provisions of G. S. 1953 Supp. 60-3314a, notwithstanding the fact the order was made more than two months before an appeal therefrom is taken, provided an appeal by the aggrieved party is timely perfected from a judgment or some other appealable order." (Syl. ¶ 2.)

Even so it does not follow that the foregoing decision or other decisions of like import, dealing with the force and effect to be given the provisions of 60-3314a, *supra,* are to be regarded as precedents warranting or permitting a conclusion that such section of our statute is to be construed as permitting an appeal from an otherwise nonappealable order where—as here—an appellant bases his right to have such order reviewed on an appeal from an appealable order, the ruling on which was made prior to the ruling on the nonappealable order. The statute does not contemplate any such incongruous result and we do not propose to effectuate it by means of strained construction. It follows, that under the existing facts and circumstances, the overruling of the involved motion to quash is not here subject to appellate review.

What has been heretofore stated and held compels the conclusion the instant appeal should be dismissed and it is so ordered.