No. 43,351

O. J. Connell, Jr., *Appellant*, v. Reno Construction Company, Inc., a Kansas Corporation, and James (Jim) Watson, *Appellees*, and The State Highway Commission of Kansas, Intervenor, *Appellee.*

(388 P. 2d 830)

Opinion filed January 25, 1964.

*Gale Moss*, of El Dorado, argued the cause and *Warren Ralston*, of El Dorado, was with him on the briefs for the appellant.

*Robert M. Bond*, of El Dorado, argued the cause, and *Charles N. Henson* and *Roy G. Lowe*, both of Topeka, and *L. J. Bond*, of El Dorado, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from an order setting aside a temporary restraining order and denying injunctive relief.

The facts necessary for a determination of the appeal may be abbreviated.

Plaintiff filed an action to restrain the defendants, the Reno Construction Company, Inc. and James Watson, its superintendent, from trespassing on, and damaging, certain tracts of land owned or leased by the plaintiff, in the construction of a state highway. The tracts are located near the city of El Dorado, Kansas. The construction was for the purpose of relocating portions of State Highway K-13.

In the absence of the judge of the district court, the judge of the probate court granted a temporary restraining order on May 9, 1962. On May 10, 1962, the defendants filed an application to vacate the temporary restraining order. On the same day the State Highway Commission filed a motion for permission to intervene and be made a party defendant.

The motion stated in part:

"Plaintiff is attempting to enjoin the defendant Reno Construction Company, Inc., which is a true contractor with the State Highway Commission of Kansas, and its Superintendent, James (Jim) Watson, from proceeding with and completing a project for the Highway Commission of the State of Kansas, and to interfere with the legal right of the Highway Commission of the State of Kansas to complete a project which arises out of its condemnation of land for highway purposes, being Case No. 25,847 in this Court, from which the plaintiff has appealed, and that its rights and interests in and to the real estate described in said condemnation proceeding are affected by this proceeding."

On May 12, 1962, the plaintiff filed a motion for a temporary injunction. The court set the motions and application for hearing May 14, 1962, at which time it granted the motion for leave to intervene and the case was also tried on its merits. On May 15, 1962, the district court made a determination of the action upon the merits, and also made a determination of the motions and application. The judgment of the district court reads:

"1. That the demurrer of all defendants to the evidence produced by Plaintiff herein shall be and the same is hereby overruled.

"2. That the Temporary Restraining Order herein issued on 9 May, 1962, by the Probate Court of Butler County, Kansas, in the absence from the County of the District Judge, shall be and the same is hereby vacated, and set aside.

"3. That Plaintiff's application for a Temporary Injunction and Permanent Injunction herein shall be and the same are hereby denied.

"4. That the said Action shall remain on the docket of the above entitled Court as an action in damages by plaintiff against defendants in order that the Court may hear evidence pertaining thereto and award to the plaintiff and against the defendants such damages, if any, as plaintiff may be entitled to under the facts and circumstances; That the respective parties may file such supplemental pleadings as will place said matter in issue for such further consideration by the Court.

"5. That the oral motion of plaintiff herein for an order of the Court setting the amount of a supersedeas bond to be provided by plaintiff to stay the orders of the Court herein made pending appeal by said plaintiff shall be and the same is hereby denied."

Plaintiff has appealed from the trial court's judgment vacating the temporary restraining order and denying injunctive relief.

We are first confronted with appellees' motion to dismiss the appeal for the reason that the issues involved in the injunction proceedings are moot. The motion to dismiss was accompanied by an affidavit which stated that all of the work on Highway K-13 at the point in controversy has been fully completed. The appellant so concedes.

The petition sought relief only in the form of injunction. This court is, by a long line of decisions, committed to the rule that a case

will not be reviewed on its merits where only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue.

In *Diehn v. Penner*, 169 Kan. 63, Syl. ¶¶ 1 and 2, 216 P. 2d 815, it was held:

"This court is committed to the rule that a question raised on appeal will not be considered and decided where it clearly appears that between the trial of the action and appellate submission of the question there has been a change of circumstances which would make any judgment it might render of no consequence to the particular issue litigated in the court below.

"Where, in an action brought solely for the purpose of restraining a township sewer district from utilizing a strip of land in the construction of a permanent sewer, the trial court sustains a demurrer to the plaintiff's evidence and to his petition and renders judgment against him denying a temporary injunction, an appeal from the order sustaining the demurrer will be dismissed as moot when the parties concede that, since the rendition of the judgment, the sewer has been completed and the plaintiff's land used in the construction of that improvement." (See also, *Bowling v. Moore*, 139 Kan. 399, 32 P. 2d 247; *Dickey Oil Co. v. Wakefield*, 153 Kan. 489, 111 P. 2d 1113; *Moore v. Smith*, 160 Kan. 167, 160 P. 2d 675, and *Williams v. City of Wichita*, 184 Kan. 53, 334 P. 2d 353.)

An appeal should not be dismissed as moot if, by leaving the judgment stand, vital rights of the parties would thereby be affected. (*Moore v. Smith*, supra.)

The appellant admits that the State Highway Commission would have had a right to condemn the land involved in the controversy. The construction having been completed, the only relief left to the appellant is by way of damages. The district court has converted the action for injunction into one for damages ". . . in order that the court may hear evidence pertaining thereto and award to the plaintiff and as against the defendants such damages, if any, as plaintiff may be entitled to under the facts and circumstances. . . ." This court has approved the procedure followed by the district court. (*Provident Mut. Life Ins. Co. v. State Highway Comm.*, 155 Kan. 351, 125 P. 2d 346.)

No further or additional relief could be granted to plaintiff by a decision of this court. The construction having been completed, the injunction proceedings are moot.

The appeal is dismissed.

APPROVED BY THE COURT.

JACKSON, J., not participating.