No. 44,587

O. J. Connell, Jr., *Appellant*, v. Reno Construction Company, Inc., a Kansas Corporation, and James (Jim) Watson, and The State Highway Commission of Kansas (Intervenor), *Appellees*.

(421 P. 2d 8)

Opinion filed December 10, 1966.

*Gale Moss*, of El Dorado, argued the cause, and *Warren Ralston*, of El Dorado, was with him on the brief for the appellant.

*Robert M. Bond*, of El Dorado, argued the cause, and *L. J. Bond*, of El Dorado, *John M. Morse* and *David W. Craig*, both of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

Fromme, J.: Appeal was taken from an order of the trial court overruling plaintiff's motion for default judgment and terminating a damage action in favor of defendants. This is the third appearance of these parties before this court and the facts and circumstances necessary to understand the questions raised by this appeal are as follows.

In 1962 the State Highway Commission began acquiring necessary right of way for the location of highway K-96 just north of the city of El Dorado and passing through four quarter sections of land. The City of El Dorado owned portions of each of these quarter sections of land and the plaintiff, O. J. Connell, Jr., either owned or had contracted to purchase other portions of each of these four quarters. The State Highway Commission, who will be referred to as the commission, purchased five small tracts of land lying within the proposed right of way from the City of El Dorado.

Shortly thereafter the commission filed a condemnation action for the purpose of acquiring the balance of the proposed right of way. The five small tracts were not included in the condemnation proceedings and the city was not made a party to that action. The report of appraisers was filed and appeals were taken to the district

court by O. J. Connell, Jr., to determine his damages. Pending a trial the commission paid the amount of the appraisers' award into court and awarded a construction contract to Reno Construction Company, Inc. This company began work within the proposed right of way in an area included in one of the five small tracts of land which the commission had previously purchased from the city. Thereupon the present action was filed by O. J. Connell, Jr., to enjoin the contractor from work on the project. The commission intervened in the action as the real party in interest. After a trial of the issues the court denied injunctive relief but ordered the action to remain on the docket as an action in damages. The pertinent part of the order reads:

"4. That the said Action shall remain on the docket of the above entitled Court as an action in damages by plaintiff against defendants in order that the Court may hear evidence pertaining thereto and award to the plaintiff and against the defendants such damages, if any, as the plaintiff may be entitled to under the facts and circumstances; That the respective parties may file such supplemental pleadings as will place said matter in issue for such further consideration by the Court."

From this order plaintiff appealed to this court and the lower court's judgment was affirmed. (See *Connell v. Reno Construction Co.*, 192 Kan. 368, 388 P. 2d 830.)

In the condemnation action the trial court made certain pretrial rulings affecting the determination of damages and O. J. Connell, Jr., took an appeal to this court. That appeal was dismissed. (See *Connell v. State Highway Commission*, 192 Kan. 371, 388 P. 2d 637.) Thereafter four appeals from awards of the appraisers were consolidated, tried and concluded without further appeal to this court. Included in this final determination, or settled pending the action, were certain matters also encompassed by the action stated in the petition for injunctive relief.

No further pleadings were filed and no activity occurred between the parties in the injunction action from the time of filing the mandate of this court until after the trial of damages in the condemnation case. The injunction petition had merely remained on the docket of the trial court "as an action in damages . . . in order that the court may hear evidence." The petition was not amended and the defendants did not file an answer during this period of over a year. Then plaintiff filed motion for default judgment. This motion was first presented to Judge Benson who suggested that Judge Reynolds should be called in so the court might

sit *en banc*. Judge Reynolds had heard the condemnation award cases. The parties stipulated to such a procedure and at a later hearing on the motion portions of the transcript in the former case were read and considered by the court. The court held that the motion for default judgment was moot and the motion was denied for the reason that all right to damages encompassed in the petition for injunctive relief had been previously determined in the consolidated condemnation appeal cases. The present appeal stems from that decision.

The petition filed by plaintiff for injunctive relief alleges possession and ownership of two tracts of land, previously a portion of a township road, and which had been vacated shortly before or during pendency of the condemnation cases. Plaintiff was the owner of adjacent land subservient to this township road and on vacation he became the owner of the 1.23 acres lying within the proposed right of way. At the trial of the condemnation appeals it was stipulated that plaintiff was the owner of and entitled to an additional award for the 1.23 acres lying within the right of way. Both parties here agree that any issue of damages arising by reason of the 1.23 acres has been settled and determined.

The remaining tracts of land described in the injunction petition contained approximately sixteen acres and plaintiff claimed only as a tenant in possession under an agreement with the city. A copy of this agreement was attached to the petition for injunctive relief and appears as follows:

"March 25, 1959

"Mr. Stanley Dial
City Manager
El Dorado, Kansas
Dear Stanley:

"Pursuant to our verbal conversation on March 24th, 1959, I am writing you this letter as to the understanding that we have between the City on the one side and myself on the other.

"As stated to you, I have entered into the purchase of the NW/4 of Section 20, a part of the NE/4 of Section 20, and the SE/4 of Section 17, all in Township 25 South, Range 6 East. As disclosed from our trip, it was determined that I would own land on the South side of Highway 13 and the City owns some small irregular tracts on the North side of Highway 13.

"Now, therefore, for the mutual convenience of both parties involved, the City will use and occupy all that portion owned by me on the South side of Highway 13, and I, likewise, shall occupy all the land on the North side of Highway 13. Each party to keep and maintain any fences that they want to

erect on said premises and either party shall have the exclusive right and control over said property.

"If this is your understanding of the agreement, would you please note your acceptance in the lower left hand corner, retaining a copy for your files and returning one to me for my files.

"Thanking you for your consideration in this matter, I remain,

"Very truly yours,

s/O. J. CONNELL, JR.
O. J. Connell, Jr.

"OJC:lz

"The terms of this letter are hereby accepted this 26th day of March, 1959.

"s/STANLEY H. DIAL"

The possessory rights to that portion of these sixteen acres lying outside the proposed right of way and formerly owned by the city have been settled or determined by the parties and are not here involved. This matter now concerns possessory rights in only five small tracts lying wholly within the right of way of K-96 and containing less than five acres. The original issues presented in the petition for injunctive relief have been considerably emasculated either by agreement of the parties or by the separate action in court.

The record presented to this court contains certain stipulations of counsel, testimony by appellant and rulings by the court in the condemnation appeal cases. The stipulations related to the inclusion in appellant's award for the additional 1.23 acres of land received by him from the vacated township road. There was testimony by appellant in the condemnation cases which related to his possessory claim of the entire sixteen acres. This testimony related to fencing and use of the land. The trial court in ruling against the appellant held that appellant had no compensable interest in these few acres claimed by him under the letter of agreement dated March 25, 1959.

The appellant generally contends in this appeal that the trial court had no right to consider any matters raised or decided in the condemnation case; that it should have sustained the motion for default judgment and then permitted the introduction of evidence on damages. The appellee contends that the appellant chose to try the matter out in the condemnation appeal cases and after decision was rendered against him now seeks to relitigate the same question in this second action. Appellee points out that although the petition for injunctive relief had not been amended to set forth a claim of damages and no answer had been filed to join issue thereon, yet appellant initiated the proceedings by the motion for default judg-

ment and stipulated that the matter be heard by both judges sitting *en banc.*

We have examined each point raised by appellant as a basis for reversal. A reversal would result in a trial of issues concerning possessory rights in portions of the five small tracts of land previously considered by the lower court in the condemnation appeal cases and reexamined by the court on motion for default judgment. We doubt if the trial court could reach a substantially different result than it reached on the motion for default judgment.

When considered in the light of the record presented we are convinced that in all contentions urged for reversal of the judgment the appellant has failed to establish irregularity in the case which prejudicially affected any substantial right of appellant.

K. S. A. 60-2105 provides:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it, the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

Therefore this court under the unequivocal language of this statute and the many decisions of this court construing this statute is compelled to sustain the judgment entered by the trial court. (See cases cited in West's Kansas Digest, Appeal and Error, § 901; Hatcher's Kansas Digest, Appeal and Error, § 509.) This rule was stated and applied in *Willhite v. Wood Construction Co.,* 179 Kan. 140, 292 P. 2d 703 and in *Coffman v. Harris,* 187 Kan. 516, 358 P. 2d 673.

The judgment is affirmed.