No. 45,818

Govan Mills, Frank Harrington, C. A. Sitler, and Ted R. Chapin, for themselves and for all Barber County taxpayers similarly situated, *Appellees,* v. R. E. McCarty, County Clerk and ex-officio assessor of Barber County, Kansas, and Ronald F. Dwyer, Director, Property Valuation Department, State of Kansas, *Appellants.*

(476 P. 2d 691)

Opinion filed November 7, 1970.

*Clarence J. Malone,* of Topeka, argued the cause, and *Daniel L. Swagerty,* also of Topeka, and *Thomas L. McGuire,* of Medicine Lodge, were with him on the briefs for the appellants.

*W. Luke Chapin,* of Chapin and Penny, of Medicine Lodge, argued the cause, and *Ralph C. Hall,* also of Medicine Lodge, was with him on the brief for the appellees.

The opinion of the court was delivered by

Fontron, J.: This is an action for injunctive relief. The trial court, in sustaining the plaintiffs' position, entered a permanent injunction against the defendants and they have appealed.

There is no material dispute as to the relevant facts. On December 27, 1965, the Board of County Commissioners of Barber County, Kansas (hereafter designated as the Board) employed the J. M. Cleminshaw Company, Incorporated, of Cleveland, Ohio, (herein-

after referred to as Cleminshaw) to appraise all taxable real property and certain tangible personal property located within Barber County.

The contract of employment was somewhat long and its provisions quite detailed. For present purposes, however, we need only say that under the contract Cleminshaw was obligated as follows: (1) To give ten days' notice to all affected owners of the values which had been set on their respective properties by the Cleminshaw appraisers and advising such owners of the time and place at which they could appear for a review of the appraisals placed on their properties; (2) to deliver all property record cards to the County upon completion of the appraisal; and (3) to complete the contract on or before November 1, 1968.

Cleminshaw had not completed its task of appraisal, which included the holding of hearings, by the time required, i. e., November 1, 1968. For that reason an extension of the completion date to December 1, 1968, was secured from the Board and hearings were held from November 18 to November 27, 1968, on the valuations Cleminshaw had come up with. The record does not clearly disclose whether or not Cleminshaw actually completed its appraisal work by December 1, but it does suggest that trouble arose over Cleminshaw's performance under the contract and that certain litigation ensued which, for all we know, may still be pending.

Be that as it may, the defendant, Ronald F. Dwyer, who was and is now the Director of the Property Valuation Department of the State of Kansas, issued a directive to the County Clerk of Barber County on January 15, 1969, requiring that officer to use the Cleminshaw appraisal in assessing taxes for 1969. What may have preceded and given rise to the issuance of this ukase must be left to conjecture so far as the record discloses, even though a perceptive reader might have a faint inkling of what had transpired.

On February 10, 1969, the present action was filed against Dwyer as the Director of Property Valuation and against R. E. McCarty as County Clerk and ex-officio assessor of Barber County, (to whom we shall refer jointly as defendants) seeking to enjoin them from entering the Cleminshaw appraisal on the Barber County assessment rolls for the year 1969. The plaintiffs in this action allege themselves to be owners of non-exempt real estate in Barber County, Kansas, and they profess to bring the action for themselves and other similar taxpayers of the County. They predicate their

lawsuit on the fact that the Cleminshaw appraisal was not completed on or before November 1, 1968, and thus could not be used as a basis for assessing the 1969 taxes. Accordingly, the plaintiffs contend that Dwyer was without authority to direct use of the Cleminshaw appraisal in computing 1969 taxes.

As we have previously pointed out, the trial court sustained the plaintiffs' position and entered judgment, permanently enjoining the defendants from using the Cleminshaw appraisal for the tax year of 1969.

At the threshold of this appeal we are met by a motion on the part of plaintiff taxpayers to dismiss the defendants' appeal as being moot. This motion must receive our first attention.

It is conceded by the litigants on both sides of this controversy that the Cleminshaw appraisal cannot be resurrected and given life at this late date so far as taxes for 1969 are concerned. The defendants themselves say in their brief:

"It is true that when April 25, 1969 passed, the enjoined directive became ineffectual and that directive cannot now be reinstated."

The significance of the April 25 date is simply that such is the date on or before which the county assessor, by statutory command, must complete and verify the assessment rolls for the ensuing year and deliver the same to the county clerk. (See K. S. A. 79-408.)

Moreover, on oral argument, counsel for the defendants frankly admitted that the taxes for 1969 have already been collected in Barber County on the basis of the old appraisal, not on the appraisal figures contained in the Cleminshaw report.

In view of these concessions, as well as statements to like effect by plaintiffs' counsel, we are bound to conclude that events have transpired since this appeal was taken which would, indeed, make ineffectual any judgment of reversal this court might pronounce. In more popular vernacular the train has passed by—the appeal has become moot.

Inasmuch as numerous cases dealing with the principle of mootness are to be found within the Kansas Reports we are not now inclined to engage in protracted discussion of the subject. A lucid and well documented discourse upon this topic appears in *Andeel v. Woods*, 174 Kan. 556, 258 P. 2d 285, to which the inquisitive reader may, if the spirit moves, refer. In *Andeel* this court quoted with approval the following passage taken from *Diehn v. Penner*, 169 Kan. 63, 216 P. 2d 815:

"This court is committed to the rule that it will not consider and decide a question raised on appeal where it clearly appears that between the trial of an action and the submission of such question there has been a change of circumstances which would make any judgment it might render with respect thereto of no consequence to the particular issue litigated in the court below. (Citing cases.)" (p. 64.)

The most recent of our several decisions adhering to the principle enunciated in *Andeel, Diehn,* and other cases, is *Griffith v. State Highway Commission,* 203 Kan. 656, 456 P. 2d 32. In that case we held:

"This court will not review a case on its merits where a judgment of reversal would be wholly ineffectual." (Syl.)

However the defendants, while acknowledging our many precedents, assert that vital rights of the Director of Property Valuation and of many assessing officials will be affected by this judgment and that it is in the public interest that a determination be made of the issue involved in this appeal. In support of this proposition the defendants cite *Connell v. Reno Construction Co.,* 192 Kan. 368, 388 P. 2d 830. We have carefully examined the *Connell* opinion and fail to find any reference whatever to the public interest. Indeed, the essence of the *Connell* holding is accurately reflected in the passage beginning on page 369:

"The petition sought relief only in the form of injunction. This court is, by a long line of decisions, committed to the rule that a case will not be reviewed on its merits where only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue."

Furthermore this court, quite contrary to the defendants' contention, has specifically held that the doctrine of mootness is applicable to cases where the public interest is concerned. In *Andeel v. Woods,* supra, the following statement is made:

"The rule that this court will not on appellate review decide a moot question in a situation where it cannot make its judgment effective has been applied not only in cases pertaining to private controversies but in those actually involving the public interest. (Citing cases.)" (p. 558.)

Like language was used by this court, and a similar decision rendered, in *State, ex rel., v. Eastin,* 179 Kan. 555, 297 P. 2d 170, where an appeal taken by the state was dismissed on the ground that the same had become moot.

In our opinion the question raised in the appeal has become moot. Thus, judicial action ceases. The appeal is dismissed.